## HARTFORD RAYON CORPORATION
### vs.
## CROMWELL WATER CO.

Superior Court      Hartford County      File #58787

MEMORANDUM FILED AUGUST 20, 1938.

Day, Berry & Howard, of Hartford, for the Plaintiff.
Woodruff & Klein, of New Haven, for the Defendant.

McEVOY, J.   This action was instituted by the plaintiff,

who applies for a temporary injunction, by writ dated August 11, 1938, returnable to the Superior Court within and for the county of Hartford, on the first Tuesday of September, 1938.

The plaintiff is a manufacturing corporation located in the town of Rocky Hill, Hartford County, Connecticut. The defendant is a corporation acting under the provisions of its private charter, the terms of which are to be found in 12 Special Laws (1897), p. 896, as amended by 20 Special Laws (1927), p. 466. The pertinent provisions of the original act, under the terms of which the defendant was incorporated, are found in sections 5, 6, 7 and 8.

In section 6 it is provided, substantially, that the company may "construct, build . . . and maintain . . . reservoirs . . . and also . . . take water from any pond, springs, brooks, or streams in . . . the town of Cromwell . . . and . . . do any other thing necessary or convenient for the purpose of carrying out the provisions of this act . . ."

In the amendment to the charter, 20 Special Laws (1927), p. 467, the following appears: "provided no rights herein granted shall be so exercised as to in any way adversely affect the vested rights of any person or corporation existent at the time of the passage of this act in or on the brook now or formerly known as Dividend brook."

It should be observed that this action is brought by the rayon company to restrain action on the part of the defendant water company, as is alleged in the complaint. It is to be distinguished from an application for an injunction made by an owner after condemnation proceedings have been instituted. The terms of the charter as to the procedural requirements must be carefully considered. In the instant charter it is provided that the defendant "can do any other thing necessary or convenient for the purpose of carrying out the provisions of this act." 12 Special Laws (1897), §6, p. 897.

In *Water Commissioners vs. Johnson,* 86 Conn. 151, 153, (1912) the Water Commissioners of the City of Norwich, acting under the charter, voted "to adopt a plan . . . and to proceed as speedily as possible to acquire by purchase or condemnation the land, water, water rights and other property . . . to carry out the project and execute the work . . ."

As a result of that application the Water Commission made application to the Superior Court for the determination of the

amount of compensation to be paid to certain owners of land. In that case, at page 157, our Supreme Court said: "Among the conditions which were prerequisites to the exercise by the board of the power thus conferred upon it, was the existence of a necessity, within the meaning which the law attaches to that word when used in this connection, for the proposed taking, and a determination of its existence."

The defendant contended that the burden was upon the plaintiff water commissioners both to allege and prove the "existence of a necessity."

At page 159 of that opinion our Supreme Court said: ". . . we regard the better law, that the decision of the condemnor that a necessity exists for the taking of particular property is one open to judicial review to discover if it was unreasonable . . . and . . . the question of necessity is one which under the conditions named is to be determined primarily by the party empowered to condemn, and . . . the determination made by it will be conclusive unless and until it is successfully attacked for unreasonableness, bad faith, or abuse of power." The Court said further, at page 160, "that the condemnor in such case may rest upon it until the attack upon it is made . . . and that the burden of any attack upon it rests upon the attacking party."

In the instant case the defendant water company has instituted no proceedings to condemn any of the water rights claimed to be owned by the plaintiff. Under these circumstances, in the absence of such action, the plaintiff has nor has had no opportunity to attack, in a court of law or equity, the claimed right of the defendant to proceed as the plaintiff alleges the defendant intends to do.

In *Bridgeport Hydraulic Co. vs. Rempsen,* 124 Conn. 437, 200 Atl. 348, the plaintiff, the water company, brought an action for condemnation of land. In the charter under which the water company proceeded, it was authorized to take such land or waters or rights or interests therein "as it may deem expedient or necessary for any of its corporate purposes." 20 Special Laws (1927), p. 398.

Section 2541 of the General Statutes, Revision of 1930, provides that a municipal or private water corporation, authorized by law to supply water for power or domestic use, may take lands or waters on such rights or interests therein "as the su-

perior court, or any judge thereof in vacation, may, on application, deem necessary for the purposes of such supply."

While in the Rempsen case, supra, this delegation of authority to the Hydraulic Company was held constitutional, affirming the decision in the Johnson case that "the party to whom is delegated the right to determine whether particular land is necessary for a public use need only allege in its application to the court that he has so determined, leaving the burden of attack upon the adverse party", in the Rempsen case our Supreme Court said that "The Johnson case (p. 159) contains the suggestion that the way to make such an attack is by an action to restrain the taking of the property. But we see no reason why, where the application has been made to the court for the appointment of appraisers, the question might not be raised by answer."

In the present case no application has been made by the defendant water company and therefore the opportunity for the present plaintiff to make such attack in a pending action brought by the water company is not available to the present plaintiff.

In the absence of the existence of such pending action brought by the defendant water company, the plaintiff makes its own attack by bringing an action in which it seeks to restrain the defendant before it has taken any action.

The defendant claims that it may proceed either under its charter or under the special law by virtue of which it was incorporated. It further claims that it is not necessary for it to bring any action or proceeding but that it may, first, proceed with its work and, after having done so, or while doing so, it may then move under sections 7 and 8 of its charter (12 Special Laws [1897], p. 896) for the appointment of a committee of three "who, after being sworn and giving reasonable notice, shall hear the parties, view the property in question, assess just damages, if any . . . and report their doings to the court, and such report may be rejected in the discretion of the court."

The defendant further claims that the only time when the present plaintiff may be heard is upon the presentation of this report to the Court, and that then it may, for the first time, make the claims which it now makes.

In this connection it should be observed that, in the amend-

ment to its charter (20 Special Laws [1927], p. 466, at page 467), it is provided that "no rights herein granted shall be so exercised as to in any way adversely affect the vested rights of any person or corporation existent at the time of the passage of this act in or on the brook now or formerly known as Dividend brook."

The plaintiff, in its complaint, alleges substantially that it and its predecessors have been "engaged since 1924, in extensive manufacturing" (paragraph 5 of the complaint), and further, that "the waters of said pond, brook and watershed have been used in various mercantile processes since ancient times" (paragraph 6 of the complaint). And in paragraph 7 of the complaint, further allegations are made about the rights of the plaintiff and its predecessors in the watershed "since ancient times."

In *Water Commissioners vs. Johnson*, 86 Conn. 151, at page 166, *et seq.*, appears a 14 page dissenting opinion concurred in by two of the justices. There are also very interesting opinions in the cases of *New Haven Water Co. vs. Wallingford*, 72 Conn. 293; *Gorham vs. New Haven*, 82 id. 153, and *Kelly vs. Waterbury*, id. 255.

In addition to these questions of law, there are disputed questions of fact involving the determination of questions as to whether or not the proposed action by the defendant will, in any way, affect or invade the claimed rights of the plaintiff. In view of all the questions of fact and law which are involved, it would seem equitable to both the parties that the defendant should be enjoined from proceeding as it proposes to do until after both parties have had a fair opportunity to be heard upon pleadings to be framed by them and upon a trial of the action based upon the pleadings so framed and the issues so resolved.

The application for temporary injunction is granted, and the plaintiff is enjoined from (a) building a well, or wells, on said watershed in the towns of Cromwell or Rocky Hill, or both, for the purposes of apprehending, collecting and selling any of the surface or sub-surface waters of said watershed or of Dividend brook and its tributaries; (b) apprehending and collecting any of the surface and sub-surface waters from said watershed, and from Dividend brook and its tributaries; and (c) transporting, conducting and selling same to the town of Cromwell, the inhabitants thereof and of its vicinity for

public, domestic, manufacturing and other uses, until the third Tuesday of September, 1938, and until the further action of the Court, or of a Judge, in the premises.