## SHELDON AND OTHERS *vs*. THE CENTRE SCHOOL DISTRICT.

The legislature having conferred upon the inhabitants of school districts, the power of determining the kind of school-houses requisite for their use, and the amount of funds necessary to defray the expenses incident thereto, courts of justice ought not to interfere with the exercise of that power, except in cases where it has been manifestly abused.

Where a school district erected at a cost of $2,500, a school-house with a hall on the second floor, and voted to levy a tax to defray the expense thereof, and on a petition of a portion of the tax payers of the district, praying for an injunction against the collection of such tax, on the ground that such expenditure was illegal, the court found that the house with the exception of the hall, was not more than the convenience of the district required for school purposes;—it was held, that aside from any question as to the propriety of erecting said hall, the proceedings of the district were not illegal as an unwarrantable abuse of power or as involving an extravagant and improper outlay of money.

Where it was found that the expense of such hall was about one-fifth of that of the whole building, and that it would be useful and convenient for holding district school meetings and school exhibitions, but that it was unusual for districts to have separate halls for such purposes, and that the district would have been reasonably well accommodated without it; it was held, that these were legitimate objects for which provision might be made, and that school districts ought not to be so restricted as to prevent improvements in school houses, and that much must be left to the inhabitants in determining what conveniences shall be provided for schools.

Held also, that the vote authorizing the building of such school-house was not void, because it specified among other uses of the hall, that of holding school society meetings and lectures therein.

Held also, that even if the vote imposing said tax were illegal, each of the plaintiffs in the bill aforesaid had an adequate remedy at law, and therefore that such bill ought to be dismissed.

The mere saving of the expense of separate suits at law, is not a sufficient reason for uniting in a bill in chancery, to obtain an injunction against the doing of an act which would give each of the plaintiffs a right of action at law.

THIS was a bill in chancery, brought by thirty-nine persons, residents and tax-payers in the Centre District, West School Society, in the town of Suffield, alledging that the district had imposed a tax of seventy-five cents on the dollar, on the levy of 1854, for the purpose of defraying the expense of building a school-house, fence, well and for other necessary expenses and liabilities of the district; that the votes of the district in imposing the tax and directing the building of the house, were illegal and void—an unreasonable and an

unwarrantable abuse of power, on the part of the district, and an extravagant and improper appropriation of money, and praying for an injuction against the collection of the tax, and any proceedings in building the school-house at the expense of the district.

The cause came on for a hearing before the superior court holden at Hartford, at the March term 1856, when that court found the facts, and reserved the case for the advice of this court. The material facts found by the court are the following:

In March 1855, the district in a legal meeting, passed unanimously, or nearly so, a vote to build a school-house with two rooms on the lower floor, with a space between, and a hall overhead for the purpose of holding school society and school district meetings, for the exhibition of schools, for a select school, lectures, &c., and also a wood shed and other necessary out houses.

Soon after the passage of that vote a plan of the house to be constructed, was presented to the district and all the legal voters present, with but few exceptions were in favor of the plan, and resolved that the house should be constructed in accordance therewith.

At a legal meeting holden in April following, a resolution was presented to rescind the former votes, when eighteen of the voters were in favor of rescinding and thirty-nine against it.

In July following, the district at a legal meeting passed a vote to levy and collect a tax of seventy-five cents on the dollar, to defray the expenses of building the house and its appurtenances, and the other expenses connected therewith. The amount of the tax thus laid was $2,874.60, of which sum the plaintiffs were taxed $1,346.08 and non-residents $286.21.

The house and its appurtenances were constructed at an expense of $2,500, of which sum the hall cost about $500.

The number of scholars in the district, between the ages of four and sixteen, on the first of January 1855, was seventy-two.

The bringing of the plaintiff's bill, prevented numerous suits at law, which would have been brought to test the legality of the vote of July 1855

The court further found that no unnecessary expenditure was made in the construction of the house or its appurtenances, so far as the style and manner of finish was concerned; that the house with the exception of the hall, did not exceed the wants and conveniences of the district for school purposes; that with respect to the hall, it was useful and convenient for the purpose of holding district school meetings, the exhibitions of district schools, and perhaps other school purposes that might be necessary from time to time, as the wants of the district should require, although it is unusual in this state, for districts to have halls for such purposes; and that the district would have been reasonably well accommodated without the hall.

*Perkins* and *Philleo*, for petitioners.

*Hubbard*, for respondents.

WAITE, C. J.  The statute in force at the time when the votes were passed by the defendants directing a school-house to be built, and laying a tax to defray the expense, authorized every school district to build and repair school-houses, supply the same with furniture and appendages, and lay taxes for such purposes; and those provisions are substantially retained in the subsequent revision of the school law.

To the inhabitants of a school district, the legislature has confided the power of determining the kind of school-house and other accommodations which they need for the use of the scholars in the district, and the amount of funds which it may be proper for them to raise to defray the necessary expenses; and courts of justice ought not to interfere with the exercise of that power, unless in a case where it has been manifestly abused.

Although in the present case, the building erected is somewhat expensive, considering the amount of taxable property belonging to the district, and the tax imposed is rather onerous, yet all objection to the legality of the proceedings in building the house and appurtenances, with the exception of the hall, is removed by the finding of the superior court,

which is, that they do not exceed the wants and conveniences of the district for school purposes.

To that extent the district clearly had a right to go under the authority conferred by the legislature; and it is not for any court to say that a district shall not build such a house as their wants and convenience require.

And then with respect to the hall in the second story, the expense of which is found to be about one-fifth of the whole expense of the building and the other accommodations, it is found that it will be useful and convenient for the purposes of holding school district meetings, exhibitions of district schools, and perhaps for other purposes, that may become necessary from time to time, as the wants of the district may require.

All these are legitimate objects for which the district may make provision, in a house which they are erecting for a school-house. And although it is further found, that in this state, it is unusual for districts to have separate halls for such purposes, and the district would have been accommodated well without the hall, yet it will not do to say that no improvements shall be made upon school-houses already built, and no greater accommodations allowed than such as have already existed.

Much must be left to the discretion of the inhabitants of a school district in determining what amount of accommodations shall be allowed their scholars, when, as in this case, the number is large, exceeding seventy.

But it is said that one use of the house, as specified in the vote, was for holding school society meetings. Undoubtedly the district had no power to lay taxes to build a house solely for that use. But the mere circumstance that permission is given to hold such meetings in a school-house, will not necessarily render a vote to build the house illegal and void. Such meetings are not often held, generally not oftener than once in a year, and at present not at all, as school societies are now abolished by statute.

Although a school district has no power to levy a tax for the purpose of building a meeting house, yet a practice to

some extent prevails in many of our country districts, of holding religious meetings in school-houses in the evenings and occasionally on the sabbath, and so long as they do not interfere with the legitimate use of the houses for school purposes, nor prejudice the interests of the inhabitants as members of the district, objections are not often made to them. No court would hold a vote of a district, directing a suitable and proper school-house to be built, void, merely because it authorized religious meetings to be held in it in the evenings. And yet upon a proper case, it might prohibit the use of it for improper purposes.

It is further said that the vote of the district authorized the use of the hall for lectures which may mean what are sometimes called lyceum lectures for the benefit of grown persons. But no such use is alledged or found to have been proved. For aught that appears, the lectures intended, were to be upon chemistry, mineralogy, botany, or the like, suitable for the scholars of the district, and if the object was to give the scholars of the district advantages greater than have heretofore been enjoyed, the disposition of the district is rather to be commended than rebuked.

But even if the intention of the district was to allow lectures to grown persons to be occasionally delivered in the hall, for reasons already stated, the votes of the district would not on that account be void.

But again if the vote of the district, imposing the tax is illegal and void as the plaintiffs alledge and claim, then each of them have adequate remedy at law, and there is no necessity for a resort to a court of chancery. The mere saving of the expense of separate suits, is no ground for their uniting in a bill in chancery to obtain an injunction against the doing of an act, which would give each of them a right of action at law.

Our advice to the superior court therefore is, that the bill be dismissed.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Bill dismissed.