BRIDGEPORT HYDRAULIC COMPANY *v.* JOSEPH J. REMPSEN ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

438

Argued May 4th—decided June 9th, 1938.

*Raymond E. Baldwin,* with whom was *J. Kenneth Bradley,* for the appellants (defendants).

*Philo C. Calhoun,* with whom was *Daniel F. Wheeler,* and, on the brief, *Arthur M. Marsh,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, a private corporation specially chartered, brought this action to the Superior Court for Fairfield County seeking the appointment of appraisers to determine the amount to be paid by it for certain lands which it proposed to take for the construction of a reservoir.   The defendants were the owners of the lands and persons who, it was alleged in the application, might claim interests in them.   The application stated that the plaintiff was incorporated for the purpose of supplying the city of Bridgeport and other communities and their inhabitants with water for public and domestic uses, that it deemed it expedient and necessary for its corporate purposes and the extension of its works to take the lands, and that it had been unable to agree with the owners as to the amounts to be paid therefor.   The defendant owners filed a demurrer to the application which the trial

court overruled and the substantial questions involved before us are presented by that decision.

The plaintiff by its charter is given power to supply water for private or public use in a certain designated territory and to lay pipes and construct and maintain reservoirs, canals and other works. It is authorized to take such land or waters or rights or interests therein "as it may deem expedient or necessary for any of its corporate purposes," provided that where the law would require that compensation be made for property or interests taken the plaintiff is authorized to apply to the Superior Court, or any judge thereof in vacation, for the appointment of a committee to determine and award the amount to be paid for the lands or interests taken, "which determination and award shall be final and shall be returned to the clerk of the Superior Court, who shall record the same." 20 Special Laws, p. 398.

The charter under which the plaintiff operates was granted to it May 5th, 1927. The Revision of the General Statutes of 1930 contained a statute, § 2541, which provides that municipal or private corporations authorized by law to supply water for public or domestic uses may take lands or waters or such rights or interests therein "as the Superior Court, or any judge thereof in vacation, may, on application, deem necessary for the purposes of such supply." Section 622a of the Cumulative Supplement of 1931 adopted and enacted the Revision of 1930. The defendants claim that the effect was to enact § 2541 of that revision as of a later time than the granting of the plaintiff's charter and impliedly to repeal the provisions of the charter concerning the taking of land. A similar claim was overruled by us in *Water Commissioners* v. *Johnson*, 86 Conn. 151, 166, 84 Atl. 727, where it was claimed that the same statute impliedly

repealed the provisions of a special law previously enacted, authorizing a municipal board to take land for the purpose of a public water supply. We said that the claim was "untenable by reason of § 4931 of the General Statutes [in the same terms as § 6570 of the Revision of 1930], and the further fact that the two provisions are in no way inconsistent with each other and may well stand together. The general statute is an enabling Act containing a general grant of power, and its provisions are neither mandatory nor exclusive." That decision is controlling upon the question before us.

The defendants also contended under the demurrer, that the grant of authority to the plaintiff to take such land or waters as it might deem expedient or necessary for any of its corporate purposes, without any provision for a review of that determination in the courts is void because in conflict with constitutional provisions. A similar contention was carefully considered by this court in *Water Commissioners* v. *Johnson,* supra, and we held that where the Legislature has not itself determined the necessity of the taking of certain property for a public use but has authorized some public or private corporation or individual to condemn such property as might be necessary for that use, the right of decision is vested primarily in the party to whom the power is granted, but that this decision is subject to judicial review to determine whether it was unreasonable or made in bad faith or in abuse of the power conferred. That decision has been followed in later cases. *Water Commissioners* v. *Manchester,* 89 Conn. 671, 679, 96 Atl. 192; *State* v. *McCook,* 109 Conn. 621, 639, 147 Atl. 126; *Munson* v. *MacDonald,* 113 Conn. 651, 656, 155 Atl. 910. In the *Johnson* case we recognized that different courts had arrived at different conclusions as

to the extent to which, if at all, the determination of a party to whom the Legislature had granted such power was subject to judicial review, and we carefully considered the decisions and chose the rule which we believed to be most sound. We see no reason to depart from the principles laid down in that decision. It was rendered in 1912, long before the charter under which the plaintiff is acting was granted. Whether, in view of the law announced in that case, the plaintiff should have been granted such power to take land or waters as is contained in its charter was a matter for the determination of the Legislature upon the basis of public policy.

As we pointed out in the *Johnson* case, page 160, the party to whom is delegated the right to determine whether particular land is necessary for a public use need only allege in his application to the court that he has so determined, leaving the burden of attack upon the adverse party. The *Johnson* case (p. 159) contains a suggestion that the way to make such an attack is by an action to restrain the taking of the property. But we see no reason why, where application has been made to the court for the appointment of appraisers, the question might not be raised by answer. See *State* v. *McCook,* supra, 639. The allegation in the application that the plaintiff deemed it expedient and necessary for its corporate purposes to take the lands was sufficient, and as no answer was filed there is no occasion to consider whether the defendants would have been entitled to any relief under the principles announced in the *Johnson* case.

The defendants stress particularly the claim that under its charter the plaintiff is given powers beyond those involved in a public use and that the provision that it might take such land as it deemed expedient and necessary "for any of its corporate purposes" was a

grant of authority to take property for uses not public. This contention is based upon a provision in § 1 of the charter that the corporation shall have all powers and rights granted to corporations by § 3421 of the General Statutes then in effect, together with all other powers and rights incident generally to corporations under the laws of this State. Section 3421 of the Revision of 1918, now § 3382 of the Revision of 1930, gives to corporations organized under the General Statutes only those powers ordinarily incident to corporate existence, such as, to sue, to have a seal, and the like. It does not purport, nor is there any other provision in our general corporation law which purports, to authorize a corporation to enter upon any business other than that stated in its charter or articles of association, or to widen in any respect the purposes for which it is organized. The provision in § 1 of the plaintiff's charter in no way enlarges its powers so as to authorize it to enter upon any undertaking other than the public service of furnishing water, and only in furtherance of such a purpose could it take the land in question.

The defendants claim, further, under the demurrer, that the authority granted to the plaintiff to take land is invalid because by the express terms of the charter the determination and award by the appraisers of the amount to be paid is made "final," which they interpret to mean not open to review in the courts. As we pointed out in *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 236, 167 Atl. 715, a failure to provide for a review of an award of damages in such a case would be a departure from established practice and would open the way to serious question as to the constitutionality of the provision. Certainly we would hesitate to ascribe to the Legislature an intent that no matter how improperly appraisers may proceed or how erroneous the rules of valuation they may adopt,

their determination of value would be beyond judicial review, for this would be to attribute to it a disregard of the essentials of fair dealing and proper procedure. Such considerations have led us in other similar situations where the decision of an official or board was in terms stated in a statute to be "conclusive" or "final" to interpret that to mean final or conclusive unless directly attacked by some established procedure. *State* v. *New York, N. H. & H. R. Co.*, 60 Conn. 326, 334, 22 Atl. 765; *Connecticut Mutual Life Ins. Co.* v. *Rogers,* 113 Conn. 14, 16, 154 Atl. 245; *Equitable Life Assur. Soc.* v. *Slade,* 122 Conn. 451, 454, 190 Atl. 616. The provision of the charter "precludes a review by the court of the question of value as a question of fact, and limits the inquiry before it to questions of law." *Equitable Life Assur. Soc.* v. *Slade,* supra. So construed the provision in question in no way transgresses constitutional principles.

The remaining reasons of appeal are based upon the procedure adopted by the court in disposing of the case. The owners of the lands in question appeared to contest the action, but all the other defendants made default of appearance. After the trial court overruled the demurrer filed by the defendants who appeared, they refused to plead further and moved that judgment be entered. When the case came on for hearing their counsel objected to the court taking testimony as not in any way necessary in order to enter judgment. The trial court overruled that claim, stating that certain parties had not appeared and that as the action was in rem it was necessary to hear evidence as a basis for an effective judgment. Thereupon the president of the plaintiff testified as to the corporate action whereby the taking of the lands was found to be expedient and necessary for the construction of a proposed reservoir. The trial court has made

a finding of facts which goes thus far and no farther. There was no error in the trial court's ruling on the demurrer; the defendants themselves moved for judgment in the case without pleading further; whether that judgment entered forthwith or after a hearing by the trial court cannot affect its binding force as regards them. They cannot now plead further in this action in the Superior Court. The committee was appointed in accordance with the provisions of the plaintiff's charter to determine and award the amount to be paid by the plaintiff on account of the taking of the land; neither the judgment, nor anything in the procedure before the court, could be taken to vest in the committee any right to pass upon the validity of the claims of any of the defendants, other than the owners of the property, to share in the award. That must be determined by further or other proceedings. General Statutes, § 5077; *Kaufman* v. *Valente,* 115 Conn. 428, 434, 162 Atl. 693; *Palo* v. *Rogers,* 116 Conn. 601, 604, 165 Atl. 803. If the trial court committed any error of procedure it in no way harmfully affected the defendants' rights.

There is no error.

In this opinion the other judges concurred.