STATE OF CONNECTICUT *v.* RAYMOND J. FAHEY

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 4—decided December 24, 1958

*Jack Rubin,* assistant attorney general, for the appellee (plaintiff).

*Wesley C. Gryk,* for the appellant (defendant).

BALDWIN, J.  On October 9, 1958, the plaintiff filed a motion to dismiss the appeal which the defendant had filed, together with his assignments of error, on October 2.  The thrust of the motion is that the defendant has attempted to appeal from an interlocutory order, not a final judgment from which an appeal lies; General Statutes § 8003; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575, 87 A.2d 137; and that the appeal was not filed on time.

A summary of the pleadings in the case is helpful to an understanding of the issue raised by the motion.  The state, through its aeronautics commission, brought a petition to the Superior Court returnable the first Tuesday of March, 1958 (March 4), alleging that the defendant, Raymond J. Fahey, owned certain described land in Suffield which the commission, acting pursuant to § 4824 of the General Statutes, found public convenience and safety required for the improvement of Bradley Field and, further, that the commission was unable to agree with the defendant on the amount of compensation to be paid him for the property.  The petition sought the appointment of a referee to ascertain the damages for the taking.  The defendant pleaded in abatement on March 8, alleging that under § 7181 of the General Statutes the comptroller, in the name of the state, and not the commission, should have brought the action.  The plaintiff's demurrer, alleging that the plea was filed too late, was sustained on March 20.  The defendant filed, on April 5, a motion to erase, in which he again raised the question of proper party plaintiff and also claimed a constitutional right to have the cause tried to a jury.  This motion was denied on May 2.  The defendant then moved on May 13

for a more specific statement of what improvement of Bradley Field was contemplated as the result of the taking of his land. In response to this motion, the plaintiff, on May 22, filed an amendment to its petition, stating that the defendant's property was required for an extension of one of the runways at the field. On June 4, the defendant demurred to the application, setting forth six grounds, which in general alleged that the petition failed in several particulars to show that the plaintiff had authority for its action. The defendant also demurred to the prayers for relief because the first prayer could not be granted on constitutional grounds and the second was beyond the jurisdiction of the court. This demurrer was overruled on June 18.

Meantime, on June 6, the plaintiff, purporting to act under General Statutes § 7182, applied for immediate possession of the defendant's property. The court granted this application on June 13, conditioned upon the deposit of $100,000 with the court. On June 6, the plaintiff also filed a motion to refer the matter to a state referee, and it was so referred on June 27. On June 26, the defendant filed an answer in which he denied that public convenience and safety required the taking of his land. On August 22, the defendant moved that the order of reference of June 27 be revoked. This motion was denied on September 19. Thereafter, on October 2, the defendant filed his appeal and assignments of error, which included the denial of his motion to revoke the order of reference.

A ruling of the court constitutes a final judgment from which an appeal lies under § 8003 if the rights of the parties are concluded by the ruling so that further proceedings cannot affect them. *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370,

374, 84 A.2d 681; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 A. 838. If it is conceded that the commission, acting under § 4824 of the General Statutes, could determine in the first instance that the defendant's land was needed for a public purpose, nevertheless the defendant by a proper pleading could obtain a judicial review of this decision, a review in which the issue whether the taking was unreasonable or in abuse of the petitioner's power could be raised and decided. *Bridgeport Hydraulic Co.* v. *Rempsen,* 124 Conn. 437, 441, 200 A. 348; *State* v. *McCook,* 109 Conn. 621, 639, 147 A. 126; *Water Commissioners* v. *Johnson,* 86 Conn. 151, 159, 84 A. 727; *Water Commissioners* v. *Manchester,* 89 Conn. 671, 679, 96 A. 182. The defendant dutifully followed the order of pleadings prescribed by our rules. Practice Book § 80. On June 6, the plaintiff filed a motion for reference. On June 26, the defendant filed an answer denying the allegations of the petition that public convenience and safety required the taking. Nevertheless, the court made an order of reference on June 27. We can take judicial notice of the procedure followed in the filing of pleadings in the office of the clerk. Apparently, the court acted without knowing that an answer had been filed. For aught that appears, the motion for reference may have been granted ex parte. On August 22, the defendant filed a motion to revoke the order of reference. This motion was denied on September 19, and the defendant filed an appeal within two weeks thereafter.

As we construe the defendant's appeal, it was taken from the order of reference and from the refusal to revoke it. The order of reference was a final judgment from which an appeal could be taken. *Antman* v. *Connecticut Light & Power Co.,* 117 Conn.

230, 235, 167 A. 715. The appeal, so far as it pertains to the making of this order, was not timely, because it was not taken within two weeks of the date of the order and was not preceded by a notice of appeal or notice of intention to appeal. Practice Book §§ 378, 380, 414. The defendant's motion to revoke the order of reference was the legal equivalent of a motion to open a judgment. While the granting of such a motion is not an appealable judgment, its denial is. See *Ostroski* v. *Ostroski,* 135 Conn. 509, 511, 66 A.2d 599. The denial of the motion to revoke the order of reference effectively prevented the defendant from raising the issues framed by his answer and constituted a final judgment from which an appeal lies. In this aspect, the appeal was timely and there is no ground for dismissing it.

The motion to dismiss is denied.

In this opinion the other judges concurred.