## State of Connecticut *v.* Anastasia Simmons

King, C. J., Murphy, Alcorn, Shannon and House, Js.

Argued December 9, 1965—decided January 25, 1966

*Thomas P. Byrne,* for the appellant (defendant).

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (state).

HOUSE, J. This is an appeal by the defendant from a judgment of the Superior Court appointing a state referee to appraise the damages sustained by the defendant as a result of the state's taking her property for the expansion and improvement of Bradley Field, an airport. The petition for the determination of compensation for the taking of the property was brought in the name of the state by the aeronautics commission pursuant to the authority vested in it by § 15-79 of the General Statutes. The order of reference was a final judgment, from which an appeal may be taken. *State* v. *Fahey,* 146 Conn. 55, 58, 147 A.2d 476.

The *Fahey* case also involved a taking of property by the state for expansion of the same airport. In a later opinion discussing other aspects of that action; *State* v. *Fahey,* 147 Conn. 13, 156 A.2d 463; we had occasion to comment on the issues involved in such a proceeding and we said (p. 17): "The determination of what property was necessary for the expansion of the airport was primarily within the province of the commission. *Water Commissioners* v. *Johnson,* . . . [86 Conn. 151, 158, 84 A. 727]. The decision of the commission as to the necessity for the taking of the defendant's property was open to judicial review only for the purpose

of discovering if the decision was unreasonable or in bad faith or an abuse of the power conferred. *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135, 146, 104 A.2d 365. As to that issue, the complaint here needed only to allege that the commission had determined that it was necessary to take the defendant's property for the public purpose involved, leaving the burden of attack upon the defendant. *Bridgeport Hydraulic Co.* v. *Rempsen,* 124 Conn. 437, 442, 200 A. 348."

The parties to the present proceeding formulated the issues strictly in accordance with the quoted language. The amended complaint expressly alleged that, pursuant to General Statutes § 15-79, the commission had determined that the property in question "is in the opinion of said Aeronautics Commission found to be necessary for the expansion and improvement of Bradley Field" and that the commission and the defendant were unable to agree on a purchase price. Properly by way of special defense, the defendant pleaded that the decision of the commission was "unreasonable, was made in bad faith, and is an abuse of the power conferred upon it." The next fourteen subparagraphs of the special defense set out allegations in support of the assertion that the commission's decision was unreasonable, made in bad faith and in abuse of its power. Five of these subparagraphs allege the existence of conditions on the commission's own property and on premises in as close proximity to the airport as the defendant's which are more hazardous to aviation than those which the commission claims justify its taking of the fee in the defendant's more distant property. Accordingly, the parties were at issue on the express allegation by the defendant that, for the reasons alleged, the com-

mission had acted unreasonably, in bad faith and in abuse of its powers.

During the course of the trial, and in support of her allegations of unreasonableness, bad faith and abuse of power, the defendant introduced, and had marked as an exhibit, ten photographs of her land and of other land in the immediate vicinity. When the defendant then sought for the record, and in support of her allegations, to have a witness identify the objects shown in the photographs, the court suo motu intervened to exclude the inquiry.[1]

This ruling was clearly erroneous, and the defendant has properly assigned it as error. One of the principal issues raised by the pleadings in the case was precisely whether or not the members of the commission were, in the language of the trial judge, "bad boys," or, in the language of the special defense, acting unreasonably, in bad faith and in abuse of the power vested in them.

Ordinarily, whether or not a condemnor is seeking to acquire other property which is situated sim-

---

[1] "Q—I'd like to show you another exhibit numbered Defendant's Exhibit #7. The Court: Mr. Byrne, what is the purpose of all these things? Mr. Byrne: I'd like to have the objects in the photographs, Your Honor, identified for the record. The Court: What is the purpose of identifying them? Mr. Byrne: So that— The Court: What probative value do they have to this court for whether or not this taking is warranted? Will you tell me that. Mr. Byrne: Yes, Your Honor. The Court: Let's try to stick to the issues. Let's not get confused with a lot of things which have no pertinency. Mr. Byrne: I think it's germane, Your Honor, in the Aeronautics Department they say it's necessary to take the Simmons property, keep all structures off. There are other areas immediately adjacent— The Court: You're trying to prove they are bad boys, they haven't done all they should on their own land. Mr. Byrne: I think they are abusing their discretion when they single out the Simmons property to be a necessary piece of land. The Court: I'm not going to allow you to continue on that. You'd better take your exceptions on that because I see no probative value on that at all Mr. Byrne: May I have an exception, please."

ilarly to that which it seeks to take in a particular proceeding is not a defense or material or relevant to that condemnation proceeding. Condemnors "are not called upon to choose between any two parcels of land, but may continue to take such different parcels until all that they may deem necessary have been acquired, or the appropriation shall be exhausted." *State* v. *Angus,* 83 Conn. 137, 142, 75 A. 623. Here, however, the reasonableness of the commission's decision as to the necessity for the taking and the commission's good faith in reaching that decision have been put squarely in issue. The defendant should not have been foreclosed of her effort to introduce evidence that more hazardous conditions of the same kind, which purportedly prompted the commission to take the fee in her land, exist unabated on the commission's own land and on other properties in close proximity to the involved airport runway. Such evidence is clearly material and relevant on the issues of the commission's reasonableness and good faith, and its exclusion was error. Of course, as in any case where a new trial is ordered because the court erred in excluding evidence, we cannot say that if the evidence which was offered had been received, the court would have concluded that the defendant had sustained the burden of proving her allegations. *Bahr Corporation* v. *O'Brion,* 146 Conn. 237, 251, 149 A.2d 691. But she should not have been deprived of the opportunity to introduce material and relevant evidence to prove them.

Since a new trial is necessary, we do not consider the defendant's other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.