## CHARLES D. STOCKER ET AL. *v.* CITY OF WATERBURY ET AL.

THIM, SPEZIALE, DOHERTY, SHEA and SIDOR, Js.

Argued November 4, 1966—decided January 24, 1967

*H. Meade Alcorn, Jr.,* with whom was *Ralph G. Elliot,* for the appellants-appellees (plaintiffs).

*Alfred L. Finkelstein* and *Francis M. McDonald,* for the appellee-appellant (defendant Waterbury Parking Authority).

THIM, J. The plaintiffs brought this action against the defendant the Waterbury Parking Authority, hereinafter referred to as the authority, wherein they sought to restrain the authority, the duly authorized municipal agency, from taking in

the name of the defendant city of Waterbury their properties in the central downtown area of Waterbury for the construction of a public parking facility pursuant to §§ 48-6 and 48-12 of the General Statutes. Injunctive relief was sought on the grounds that (a) their properties were not necessary for or incidental to a public use, (b) the attempted taking was arbitrary and an abuse of discretion, and (c) two members of the authority wrongfully participated in the proceedings and in the voting of the authority to acquire the plaintiffs' properties. The authority filed a demurrer to the complaint wherein it asserted, inter alia, that the complaint neither alleged facts showing that the plaintiffs would suffer irreparable injury by the proposed taking nor alleged that they lacked an adequate remedy at law.

The trial court overruled the demurrer. It failed, however, to comply with the specific provisions of General Statutes § 52-232 and Practice Book § 114 so the grounds on which its decision was based remain undisclosed. Thereupon, the authority filed an answer in which it alleged, by way of special defense, that the plaintiffs had an adequate remedy at law. General Statutes § 52-95. Upon trial, the court concluded that the vote of the authority to acquire the plaintiffs' properties was void because Charles Rosengarten, a member of the authority, was disqualified from participating in the discussions and votes of the authority leading up to and culminating in the decision to acquire the properties of the plaintiffs. The court further concluded that the authority should be permanently enjoined from taking the plaintiffs' properties. From the judgment, both the plaintiffs and the authority appealed. In view of the conclusion which we have reached,

we need only discuss the issue raised by the authority's appeal relating to its demurrer and special defense.

A demurrer is the proper remedy before trial by which to determine whether the allegations of a complaint state a good cause of action in law or equity. Practice Book § 106; *Rutt* v. *Roche,* 138 Conn. 605, 607, 87 A.2d 805; *Zamatha* v. *Harak,* 134 Conn. 480, 483, 58 A.2d 704. "An injunction is a harsh remedy"; *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 657, 201 A.2d 654; and when an equitable injunction is the specific relief claimed, it is incumbent upon the party seeking relief to allege facts showing irreparable damage and the lack of an adequate remedy at law. *Theurkauf* v. *Miller,* 153 Conn. 159, 161, 214 A.2d 834; *Weaver* v. *Ives,* 152 Conn. 586, 590, 210 A.2d 661. Where a demurrer is overruled and the case goes to final judgment, the ruling on the demurrer may be claimed as error, since an erroneous ruling on a demurrer is a proper subject of review. *Montanaro* v. *Pandolfini,* 148 Conn. 153, 157, 168 A.2d 550. Here, one of the issues raised by the authority in its demurrer, and again in its special defense, is whether the plaintiffs have an adequate remedy at law. " 'Adequate remedy at law' means a remedy vested in the complainant, to which he may, at all times, resort, at his own option, fully and freely, without let or hindrance." *Wheeler* v. *Bedford,* 54 Conn. 244, 249, 7 A. 22; *Brainard* v. *West Hartford,* 140 Conn. 631, 635, 103 A.2d 135. If the plaintiffs have an adequate remedy at law then they are not entitled to the injunction. *Mitchell* v. *Southern New England Telephone Co.,* 90 Conn. 179, 183, 96 A. 966; *Gorham* v. *New Haven,* 82 Conn. 153, 156, 72 A. 1012; 6 Nichols, Eminent Domain (3d Ed.) § 28.22, p. 622.

The plaintiffs alleged in their complaint that the authority was authorized to acquire by condemnation, subject to the provisions of § 48-6 of the General Statutes, real property necessary for or incidental to the construction, maintenance or operation of parking facilities. They further alleged that they received notice of the intention of the authority to condemn their properties and that condemnation petitions are pending in the Superior Court at Waterbury. The authority admitted giving notice of an intention to condemn the properties of some of the plaintiffs, and it alleged that it had commenced comdemnation proceedings as to the others.

The right to decide what property was necessary for the parking facility was primarily within the province of the authority. 27 Spec. Laws 549, No. 611 § 5 (amended, 28 Spec. Laws 470, No. 371 § 1); *Water Commissioners* v. *Johnson,* 86 Conn. 151, 158, 84 A. 727. Its decision, however, is open to judicial review to discover if it was unreasonable or in bad faith or in abuse of power conferred. *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135, 146, 104 A.2d 365; *Water Commissioners* v. *Johnson,* supra, 159.

The plaintiffs have a right to contest the condemnation proceedings brought and to be brought by the authority. By filing proper pleadings to the condemnation petitions, the claims of the plaintiffs could properly be presented and decided. *State* v. *Simmons,* 153 Conn. 351, 353, 216 A.2d 632; *State* v. *Fahey,* 146 Conn. 55, 58, 147 A.2d 476; s.c., 147 Conn. 13, 17, 156 A.2d 463; *Bridgeport Hydraulic Co.* v. *Rempsen,* 124 Conn. 437, 441, 200 A. 348. An adverse determination on these claims could properly be appealed to this court. *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 235, 167 A. 715.

We conclude the plaintiffs had an adequate remedy at law.

The plaintiffs cite *Bahr* v. *O'Brion,* 146 Conn. 237, 149 A.2d 691, in support of their claim for an injunction. That case is distinguishable in that it involved the application of a significantly different statute governing the taking of property for public use. In the *Bahr* case, the condemning agency was proceeding to take the property for redevelopment purposes under what are now §§ 8-124—8-139 of the General Statutes. Under § 8-129, title to the property and the right to immediate possession vested in the agency immediately upon the filing of a statement of compensation with the clerk of the Superior Court and the town clerk. Because the provisions of § 8-129 failed to provide the property owner with an opportunity to contest the taking, the plaintiff, being without an adequate remedy at law, was entitled to equitable relief to obtain a review of the agency's taking of its property. In the instant case, the plaintiffs have the opportunity to have the decision of the authority judicially reviewed before title and possession are lost. See *State* v. *Simmons,* supra; *State* v. *Fahey,* supra; *Bridgeport Hydraulic Co.* v. *Rempsen,* supra. Therefore, the adequate legal remedy which was lacking in the *Bahr* case is present here.

The plaintiffs suggest that they collectively instituted this action because their claims can be determined with less expense to them than in individual condemnation proceedings. The mere fact that it is individually less expensive collectively to seek extraordinary relief does not establish a collective right to that relief. See *Sheldon* v. *Centre School District,* 25 Conn. 224, 228; 27 Am. Jur. 2d 570, Equity, § 47.

The plaintiffs also suggest that the remedy which they pursued will keep them from being subjected to a multiplicity of suits. The answer to that claim is found in *Dodd* v. *Hartford,* 25 Conn. 232, 238, where the court stated: "The multiplicity of suits which the petition [for an injunction] seeks to avoid, does not affect injuriously any one of the petitioners. No one of them has occasion to expect any such multiplicity affecting himself. One suit is all that any one of them has to fear".

Finally, the plaintiffs make the claim that they had a choice of remedies and that they could either raise their claims in answers to the condemnation petitions or institute an injunction action. We conclude they had no such choice. If they wished to contest the petitions which the authority filed pursuant to § 48-12 of the General Statutes, they were required to plead their defenses to those petitions. *Bridgeport Hydraulic Co.* v. *Rempsen,* 124 Conn. 437, 442, 200 A. 348; *Water Commissioners* v. *Johnson,* 86 Conn. 151, 166, 84 A. 727.

For the reasons we have stated, the demurrer should have been sustained. *Montanaro* v. *Pandolfini,* 148 Conn. 153, 155, 168 A.2d 550. Since, however, there has been a trial on the merits of this case, we may review the question of the plaintiffs' right to pursue their remedy on the facts established at the trial. *State* v. *Sul,* 146 Conn. 78, 81, 147 A.2d 686; *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691, 51 A. 1084; Maltbie, Conn. App. Proc. §§ 65, 66.

Having heard all the evidence in a trial on the merits, the court has neither found nor concluded that the plaintiffs would sustain irreparable damage if an injunction did not issue. Nor has the court found that they lack an adequate remedy at law. Hence, these essential allegations have neither been

alleged nor proved as is required by *Theurkauf* v. *Miller,* 153 Conn. 159, 161, 214 A.2d 834. Accordingly, not only was there error in overruling the demurrer but, having proceeded to a full trial on the merits, and the conditions precedent not having been established, the court erred in granting the permanent injunction.

Under the circumstances, we are unable to reach the question whether the trial court erred in determining that the taking proceedings were invalid because of the participation of Charles Rosengarten. Since, however, public interests are involved and this issue, which has been tried to the trial court and fully argued before us, is likely to arise in future proceedings, we deem it appropriate to discuss the legal principles involved in order to help end this protracted controversy. *Loewenberg* v. *Wallace,* 147 Conn. 689, 694, 166 A.2d 150; *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 649, 153 A.2d 828; Maltbie, Conn. App. Proc. § 341.

The issue here of disqualification is governed by the criteria we enumerated in *Low* v. *Madison,* 135 Conn. 1, 60 A.2d 774. We have had repeated occasions to reaffirm the principles set forth in the *Low* case. See *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 134 A.2d 250; *Senior* v. *Zoning Commission,* 146 Conn. 531, 153 A.2d 415, appeal dismissed, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145; *Lage* v. *Zoning Board of Appeals,* 148 Conn. 597, 172 A.2d 911; *Luery* v. *Zoning Board,* 150 Conn. 136, 187 A.2d 247; *Daly* v. *Town Plan & Zoning Commission,* 150 Conn. 495, 191 A.2d 250; *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission,* 151 Conn. 476, 199 A.2d 162; *Josephson* v. *Planning Board,* 151 Conn. 489, 199 A.2d 690. Although all these cited cases involve members of

planning or zoning boards, the principles of law stated therein are not restricted solely to such boards. These criteria and principles of law apply to the exercise of powers of all municipal agencies and boards which affect property rights in the community.

"Public office is a trust conferred by public authority for a public purpose. *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 401, 74 A. 759. His status forbids the public officer from placing himself in a position where his private interest conflicts with his public duty. The good faith of the official is of no moment because it is the policy of the law to keep him so far from temptation as to insure the exercise of unselfish public interest. He must not be permitted to place himself in a position in which personal interest may conflict with his public duty." *Low* v. *Madison,* supra, 8. The exercise of the power of the defendant Waterbury Parking Authority "whether it be denominated legislative or quasi-judicial, demands the highest public confidence. Anything which tends to weaken such confidence and to undermine the sense of security for individual rights which the citizen is entitled to feel is against public policy." Id., 9.

The appeal by the plaintiffs is dismissed; there is error on the appeal by the defendant the Waterbury Parking Authority, the judgment is set aside and the case is remanded with direction to render judgment for the Waterbury Parking Authority.

In this opinion SPEZIALE, DOHERTY and SHEA, Js., concurred.

SIDOR, J. (dissenting). I have to agree with the majority that the rules which it has set forth are the law in our state. But there are many cases in

which this court has dealt with the questions as the trial court did. See *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587, 73 A.2d 101; Maltbie, Conn. App. Proc. § 341.

The decision of the majority brushes aside the fact that there was a long trial on the merits. It exalts form over substance. In these days of crowded court dockets there is no justification for the decision of the majority. Several trials may now result on an issue which has already been decided. Our statutes providing for the joinder of parties (General Statutes §§ 52-101—52-110) and permitting class actions are expressions of a legislative policy in favor of speedier justice.

When the trial court rendered its decision on the demurrer, the defendant authority chose to join issue rather than to prosecute an appeal. It contested three issues vigorously in the trial and has pursued its claims in its briefs. It is at odds with the plaintiffs on the interpretation of our cases following *Low* v. *Madison,* 135 Conn. 1, 60 A.2d 774. It takes the position that the conflict of interests rule applies only to quasi-judicial bodies. I agree with the majority in its dictum that the rule applies to quasi-legislative bodies also. We should enunciate that position as the law of the case. After a long trial, the court made a finding of facts and concluded that at least one member of the authority was disqualified because of interest from participating in the discussions and votes leading up to and culminating in the decision to acquire the plaintiffs' site as a location for a parking facility. When the trial court decided that Charles Rosengarten was disqualified, it should have concluded that the disqualification voided the decision of the authority. The court should then have ended its consideration

of the case instead of deciding the other two issues. Such a decision by the trial court and by the majority would have disposed of the issues between the parties not only in this case but in the several other related condemnation cases now pending. Instead, the decision of the majority permits a retrial of all of the issues, including the issue of disqualification, in the other condemnation cases pending in Waterbury.

With this result I cannot agree. I would affirm the trial court to the extent set forth above.