[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff tenant has brought the present action seeking extraordinary relief enjoining the defendant landlord from terminating its lease or commencing eviction proceedings until this court determines the enforceability of a certain clause in the lease. The tenant is an insurance agency that initially leased the subject premises in 1977 with modifications thereafter.
According to the pleadings, the original lease contains a clause which allows the landlord to terminate the lease any time after December 31, 1982 upon giving the tenant six months written notice if the landlord intends to demolish all or a portion of the premises for the purpose of changing the character of the shopping center. Pursuant to this provision, the landlord by letter dated July 25, 1990 notified the tenant of its intention to demolish and requested the plaintiff to vacate. Thereafter on January 18, 1991, the landlord issued a notice to quit terminating the lease. This litigation concerns the enforceability of this clause.
 II.
Discussion
The defendant landlord has both objected to the request for an injunction and moved to strike the application. The motion to strike which is used to contest the legal sufficiency of the complaint, P.B. 152, admits all well pleaded allegations. State v. Bashura, 37 Conn. Sup. 745, 748 (1981). The landlord maintains that this action must fail because the tenant cannot obtain extraordinary relief if it has an adequate remedy at law.
It is clear that the issuance of an injunction lies in the discretion of the court exercised according to recognized principles of equity. Moore v. Serafin, 163 Conn. 6 (1972). It is incumbent upon the party seeking relief to allege facts showing irreparable damage and the lack of an adequate remedy at law. Stocker v. Waterbury, 154 Conn. 446, 449 (1967). "`Adequate remedy at law means a remedy vested in the complainant to which he may, at all times resort, at his option fully and freely without let or hindrance' Wheeler v. Bedford,54 Conn. 244, 249. If the plaintiffs have an adequate remedy at law they are not entitled to the injunction." Stocker, supra, 449. The landlord herein argues that the tenant has such an adequate remedy through the summary process statutes. In Stocker, supra, the plaintiffs attempted to enjoin a condemnation of property for the construction of a public parking facility. The court held that injunctive relief was not appropriate since the plaintiffs had the right to contest CT Page 6749 the condemnation proceedings under the relevant statutes. This court believes that the Stocker decision controls this case. The plaintiff can clearly raise equitable defenses and counterclaims in a summary process proceeding. Fellows v. Martin, 217 Conn. 57, 62 (1991); Southland Corporation v. Vernon, 1 Conn. App. 439, 447 (1984). Thus, other Superior Court judges have refused to grant injunctive relief to block summary process proceedings finding that the tenant had an adequate remedy at law. Alexander's Department Stores v. Connecticut Post Limited Partnership, CV 8700230415, JD Ansonia/Milford at Milford, August 4, 1987 (Kulawic, J.); U.S. Retail Inc. v. WestFarms Associates, No ____, JD ___ Hartford/New Britain at Hartford, August 27, 1987 (Goldstein, J.) and Anderson v. K — Hamden Apts. Co., No. CVNH8210-175 JD New Haven, November 29, 1982 (Foti, J.) (NH-116).
This court believes that the case of Nicoli v. Frouge Corp., 171 Conn. 245 (1976) is inapposite to the case herein. The plaintiff correctly points out that the Nicoli court noted that injunctive relief may enjoin a forfeiture of a lease based on technical grounds "to relieve a party against forfeitures and penalties not occasioned by his wilful neglect, upon the principle that one having a legal right shall not be permitted to avail himself of it for the purpose of injustice or oppression". Id., 247, citing Mackey v. Dobrucki, 116 Conn. 666,670 (1933). Nicoli, however, was decided at the end of that era when equitable defenses were not allowed in summary process matters. See Atlantic Refining Co. v. O'Keefe,131 Conn. 528, 531 (1945). Much has changed since that time including the establishment of the housing docket of the Superior Court. See generally, Fellows v. Martin supra.
There is, of course, another reason to deny the plaintiff's request. A temporary injunction is utilized, inter alia, to preserve the status quo. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Deming v. Bradstreet,8 Conn. 650, 659 (1912). As indicated by the plaintiff in its Memorandum in Support of Temporary Injunction, the notice to quit has already been served. The lease has already been terminated. Housing Authority v. Hird, 13 Conn. App. 150, 155
(1988). Unless the defendant reinstates the lease, a prompt resolution to a summary process case would end the uncertainty now existing and presumably be in the best interests of both parties. Should the tenant be successful, the parties will be returned to their status quo before January 18, 1991. Housing Authority v. Hird, supra, 156.
 III.
Conclusion CT Page 6750
This court concludes that the defendant's objection should be and is hereby sustained and the application for a temporary injunction is denied.
Berger, J.