[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY INJUNCTION
This is an action which came before the Court on a Motion for Temporary Injunction. In it the employees' ESOP Trust, as assignee, seeks to temporarily enjoin the Town of Seymour from holding in escrow funds it has held for several years. These were funds paid to the municipality by the Electric Cable Company, a tenant in a Seymour factory complex. The factory complex was formerly owned by the Seymour Specialty Wire Company Inc., a corporation which was owned in substantial part by its then employees as stockholders. The ESOP Trust is its assignee. CT Page 4056 Seymour Wire was behind in its taxes due to the Town of Seymour during its period of ownership. Electric Cable Company fell behind in the monthly rent it owed to Seymour Wire for its lease of a portion of the factory premises. The Wire Company and Electric Cable then settled on the sum of $5500 per month rent. Shortly after that Electric Cable, although making no payments to Seymour Wire, began making payments of $5500 per month to the town. It had concerns that a tax foreclosure might force it to move its business, if Seymour Wire's interest in the premises were foreclosed. It is that accrued fund of monthly Electric Cable payments that plaintiffs seek to temporarily enjoin the Town from continuing to hold.
The Court having heard the parties and permitted the purchaser of mortgages on the premises to intervene, denies the injunctive relief claimed. There is an adequate remedy at law available to the plaintiffs providing for attachment or other prejudgment remedy and suit for money damages. Damages at law would restore the plaintiffs to the position in which they formerly stood. Our law is long since settled that a court should not grant equitable injunctive relief where a legal remedy can avail the plaintiffs which adequately protects their interest. To obtain an injunction a plaintiff must show a substantial likelihood of immediate irreparable injury. City of Los Angelesv. Lyons, 461 U.S. 95, 111; See Silitschanu v. Groesbeck,12 Conn. App. 57, 64-65. That has not been shown here, either. The primary purpose of a temporary injunction is to preserve the status quo until final determination of the parties' rights after a hearing on the merits. Olcott v. Pendelton, 128 Conn. 292, 295
(1941). The plaintiffs do not specify with whom the funds would repose if the Town is enjoined from continuing to hold them in escrow as they request. It seems to this Court that the interest of all parties in preserving the status quo is not harmed by the town of Seymour's continued holding of them in escrow until a final determination on the merits. The motion for temporary injunction is denied for all these reasons.
FLYNN, J.