[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION
On April 15, 1998, after having worked as an associate in plaintiff's law firm, defendant left to open his own office. The move was occasioned by a dispute regarding remuneration. When defendant left, he took with him between 70 and 100 files, a sizeable number of which are personal injury cases.
At hearing and in his Memorandum In Support of Motion ForTemporary Injunction, plaintiff clearly indicates that he makes no complaint that the files, although technically owned by the firm up to the time of defendant's departure, followed defendant. However, he does claim a financial interest in the fees generated by those files and towards that end requests that the court restrain defendant's use of same by ordering that all or a substantial portion be escrowed until a judicial determination is made as to plaintiff's interest in same. In addition, plaintiff seeks to have defendant enjoined from soliciting any of plaintiff's clients that defendant did not service during his association with the firm. CT Page 1483
While the latter request seems reasonable under the circumstances, upon further review it is clear that defendant left plaintiff's law firm more than nine months ago and there is no evidence that during that period, defendant ever solicited, attempted to solicit or intended to solicit any of plaintiff's clients that he did not service during his association with the firm. As a result of the foregoing, it is evident that the requested extraordinary remedy is not warranted by the facts or circumstances presented to the court.
With regard to plaintiff's request that the court order certain fees escrowed, it is clear that such request is not supported by a showing of irreparable harm. Stocker v. City ofWaterbury, 154 Conn. 446 (1967). Certainly plaintiff can recover his lost fees without the requested temporary injunction. Further, if the court were to order an escrow on the basis of the facts presented, it would not be able to determine the portion of the fee in each file that should be escrowed without resorting to guess work and to arbitrarily pick a percentage or to escrow the entire fee would be unjust, unreasonable and would probably cause more harm than it would prevent.
While the court will not issue the requested temporary injunction, it is aware from the facts presented at hearing that in all probability plaintiff will succeed in his claim as to some portion of the fee generated in many if not all, of the files that were taken by the defendant during his departure.
Motion denied.
_________________ WEST, J.