[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY INJUNCTION
CT Page 432
By Application dated December 17, 1999 (the "Application"), plaintiff, Coughlin Realty, LLC, seeks a temporary injunction restraining defendant, Peter Novicelli, a/k/a Novicelli Construction, Inc. from conducting business at leased premises, a quarry located at 9 Young Street, East Hampton, Connecticut (the "quarry"). The court held an evidentiary hearing on the Application on January 3-4, 2000. For the reasons stated below, the court denies the Application.
I. Background
Plaintiff originally sought an ex-parte temporary injunction in its Application. By Order to Show Cause, dated December 17, 1999, the court (Rogers, J.) scheduled the matter for hearing on January 3, 2000.
Accompanying the Application, plaintiff presented the affidavit of John Coughlin, a co-manager of Coughlin Realty, LLC, dated December 15, 1999 ("Affidavit"). In the Affidavit, and at the hearing, Mr. Coughlin described the parties' legal relations and the current dispute. Pursuant to a Lease Purchase Agreement, effective on February 17, 1999 (the "Lease") (Exh. 1), plaintiff leased the any to defendant. As rent, defendant is obligated to pay to plaintiff, on a weekly basis, $2.00 per ton of material removed from the premises and twenty-five percent (25%) of any "tipping fees" collected. Id. par. 2. Defendant is required to submit reconciliation sheets showing how much material was removed or brought onto the property. Id. The Lease provides that defendant shall make minimum payments of $20,000 annually to plaintiff. Id.[1]
Plaintiff ascertained that the submitted reconciliation sheets did not fully reflect a November, 1999 delivery of 25 truck loads of stumps from Nutmeg Gravel Excavation, Inc., resulting in an additional balance of $681.25 being owed. Affidavit, par. 12. Since the commencement of these proceedings, that amount has been paid to plaintiff by defendant. At the hearing, defendant attributed the discrepancy to mistake.
Plaintiff also asserts that more material has been sold by defendant than properly has been accounted for through the reconciliation sheets. Defendant acknowledged at the hearing that he is a poor recordkeeper. Plaintiff claims that defendant's CT Page 433 "failure to make full payment and accurately document material delivered to the site is in direct violation" of the Lease and renders him in default under its terms. Affidavit, par. 14.
At the hearing, plaintiff presented Exhibits 6 and 7, mechanic's liens from Fay Wright Excavating, Inc. (claiming $190,471.70) and from Blastech, Inc. (claiming $92,937.60), for work performed, which have been placed against the quarry property on the East Hampton land records. Plaintiff also claims that defendant's failures to pay these debts or post bonds concerning them constitute additional defaults under the Lease. Affidavit, pars. 15-19. At the hearing, it was acknowledged that no action has been commenced to foreclose either lien.
II. Standard of Review
In order to prevail on a application for a temporary injunction, the movant must show (1) lack of an adequate remedy at law; (2) likelihood of success on the merits; (3) irreparable injury; and (4) that a balancing of the equities favors granting the injunction. Waterbury Teachers Assn. v. F.O.I.C.,230 Conn. 441, 446 (1994); Griffin Hospital v. Commission on Hospitals andHealth Care, 196 Conn. 451, 457 (1985).
III. Discussion
As our Supreme Court has held, a party seeking an injunction must allege irreparable harm and lack of an adequate remedy at law. Advest, Inc. v. Wachtel, 235 Conn. 559, 562-3 (1995); Cityof Hartford v. Amer. Arbitration Assn., 174 Conn. 472, 476-7
(1978), quoting Stocker v. Waterbury, 154 Conn. 446, 449 (1967).
Here, in its five-count Complaint, dated December 17, 1999, which accompanied the Application, plaintiff sought temporary and permanent injunctions, but did not set forth these necessary allegations. Subsequently, plaintiff filed its Notice of Filing Amended Complaint As of Right, dated December 30, 1999, accompanied by the Amended Complaint.[2] In this pleading, six counts are alleged. In the First Count, for breach of contract, at par. 12, plaintiff claims lack of an adequate remedy at law and irreparable harm "because the Plaintiff has no way of determining the value of any material taken or delivered to the site and not documented by the Defendant." Plaintiff also asserts that defendant "continues to diminish the only asset that can be used to pay third party creditors, who have filed Mechanics CT Page 434 Liens, without making payment to the creditors. . . ." Id. Further, plaintiff states that defendant "may continue to bring off site material onto the site without properly processing the material or disposing of said material which could permanent[ly] diminish the value of the real property." Id. Par. 13 asserts a breach of contract as a result of defendant's failure to pay the mechanic's liens.
Par. 12, the only paragraph which discusses the lack of an adequate remedy at law and irreparable harm, is incorporated by reference in each other count (for misrepresentation, negligent misrepresentation, conversion, unjust enrichment, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq.). In these other counts, the foregoing allegations concerning breaches of the Lease are generally reformulated to support other legal theories.
The court is limited to the issues raised by the Amended Complaint's allegations as to the lack of an adequate remedy at law in reaching a decision on the Application. Lundberg v.Kovacs, 172 Conn. 229, 232 (1977); Pergament v. Green,32 Conn. App. 644, 655 (1993), cert. denied, 228 Conn. 903 (1993). Accordingly, the court must ascertain the adequacy of an available remedy at law in the context of claimed breaches of the parties' Lease, as pleaded in par. 12, and incorporated in each count.
"An adequate remedy at law is one which is specific and adapted to securing the relief sought, conveniently, effectively and completely." Burchett v. Roncari, 181 Conn. 125, 129 (1980) (Internal citation omitted); Berin v. Olson, 183 Conn. 337, 342
(1981), Beach v. Beach Hotel Corp. , 117 Conn. 445, 453 (1933).
If an adequate remedy at law is available, a movant is not entitled to an injunction. Stocker v. Waterbury, 154 Conn. 446,449 (1967). Here, there appear to be at least two forms of remedies at law which would be adequate. First, based on a claimed default, plaintiff could elect to terminate the Lease and seek the statutory remedy of summary process and pursue liquidated damages. In the Lease, Exh. 1, the parties agreed as follows:
 (4) DEFAULT. (a) If purchaser defaults under the terms of this Agreement, and such default is not remedied within ten (10) business days following the date on which Seller provides CT Page 435 written notice of such default to Purchaser, then Seller may terminate this Agreement, in which event the Promissory Note provided as deposit shall become immediately due and payable as liquidated damages and not as a penalty (it being understood that Seller's actual damages may be extremely difficult to calculate), after which neither party shall have any further obligation or liability under this Agreement.
Earlier, in the Lease, at par. 2, the parties agreed that, as security for defendant's performance, he was to deliver to plaintiff a Promissory Note in the amount of $150,000, to be secured by a second mortgage on a horse farm owned by a limited liability company controlled by defendant.
Summary process enables a lessor to recover possession from a tenant upon lease termination. Federal Home Loan Mtg. Corp. v.Van Sickle, 52 Conn. App. 37, 43 (1999).
 The purpose of summary process proceedings is to permit the landlord to recover possession of the premises upon termination of a lease without experiencing the delay, loss, and expense to which he might be subjected under a common law cause of action. The process is intended to be summary and is designed to provide an expeditious remedy to a landlord seeking possession. . . . We have recognized the principle that, because of the summary nature of its remedy, the summary process statute must be narrowly construed and strictly followed. (Citations omitted; internal quotation marks omitted.)
Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 581-82, cert. denied, 209 Conn. 826 (1988). Here, the plaintiff's Amended Complaint seeks two forms of injunctive relief, (1) prohibiting defendant from engaging in any business and/or sales activity on the property and (2) prohibiting him from entering the premises. A summary process proceeding, if successful, would expeditiously accomplish these goals.[3]
Second, plaintiff may seek an attachment of the saleable material located on the site in order to forestall any possibility that plaintiff is acting to diminish the value of the asset. The prejudgment remedy of attachment is an adequate remedy at law in this situation. Kearney v. Town of Seymour,1997 Ct. Sup. 4055, 4056 (April 10, 1997) (Flynn, J.). CT Page 436
Plaintiff cites Chornock v. Popp, 15 Conn. Sup. 153 (1947), in support of its claim that no adequate remedy at law exists. That case differs from the instant matter for various reasons. There, a religious congregation sought to oust a bishop from its church rectory. The court concluded that the bishop "never had the right of possession to the rectory, nor has he ever been in the actual legal possession thereof, nor has his status ever been more than that of a servant of his congregation. . . ." Id. at 158. The court found that the congregation of 4500 parishioners was "without an adequate remedy at law since immediate occupancy of the rectory is essential to the orderly, peaceable and well regulated operation of parish affairs." Id.
In contrast, here the Lease unquestionably gave defendant the legal right to possession, Exh. 1, par. 20, which he has exercised. A summary process proceeding would expeditiously resolve whether or not he is entitled to continue doing business on the site. In addition, this commercial lease dispute does not involve the unique role played by a pastor in ministering to the needs of a congregation.
Another of plaintiff's concerns, that defendant "may continue to bring off site material onto the site," Amended Complaint, First Count, par. 12, does not warrant injunctive relief, since it is speculative in nature. Nicholson v. Conn. Half-Way House,Inc., 153 Conn. 507, 511 (1966). While there was evidence presented indicating that defendant had allowed some stumps and black-top material to be placed on the site, it did not appear to be of a significant enough amount to diminish the value of the property.
Since plaintiff has failed to demonstrate the lack of an adequate legal remedy, the court need not address whether or not plaintiff has met its burden as to the other necessary elements which must be present for the court to exercise its discretion to afford injunctive relief.
CONCLUSION
For the foregoing reasons, the application for a temporary injunction is denied.
It is so ordered. CT Page 437
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT