[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
Maria Aposporos and Ellen Begetis (the defendants) have filed motions for attorneys fees. The procedural history and the alleged relevant facts are as follows. In December 1999, the Urban Redevelopment Commission of Stamford (URC), pursuant to its authority under Chapter 130 of the General Statutes, initiated a condemnation proceeding against the defendants' property located at 62 West Park Place, Stamford, Connecticut. Thereafter, the defendants filed a separate action seeking a permanent injunction against the URC's condemnation proceeding. Following the court's denial of their request for injunctive relief, the defendants filed an appeal. On March 5, 2002, the Connecticut Supreme Court reversed the trial court's judgment denying the injunctive relief, and remanded the case "to render judgment granting the [defendants'] claim for a permanent injunction against the condemnation of their property . . ."Aposporos v. Urban Redevelopment Commission, 259 Conn. 563, 580,790 A.2d 1167 (2002).
Pursuant to General Statutes § 48-17a,[1] the defendants now seek attorneys fees and have filed motions for such in both the injunction (#154) and the condemnation actions (#107), which the court will now consider.
The URC filed an objection to the motion in both actions. In their memorandum of support against the award of attorneys fees, the URC argues that the defendants are limited to fees incurred in connection with the condemnation action only, and are not entitled to fees associated with their action for injunctive relief. The URC further argues that the defendants were not required to commence a separate action to challenge the validity of a taking pursuant to § 8-129, but having done so, the defendants are not entitled to attorneys fees pursuant to § 48-17a
because such fees "are only available in an action instituted by a State Agency." CT Page 2790-b
The URC is correct that § 8-129 does not expressly require the defendants to commence a separate action in order to challenge the validity of a proposed taking, however, the statute does not provide that the defendants may not maintain such an action. Indeed, the language of that section is silent as to how one challenges the taking. Nevertheless, the URC does concede that the defendants have a right to bring a separate action for injunctive relief and cites to the decision of Broadriver Inc. v. City of Stamford, 158 Conn. 522, 265 A.2d 75
(1969), which supports such a proposition. In Broadriver, the court again held that General Statute § 8-129, which provides for the procedure for a taking, "is not unconstitutional because of any failure to provide for a judicial review of the validity of the taking . . . [because] the constitutional right to due process is protected by the plaintiff's privilege to seek relief by court action." Id., 525.
Our "Supreme Court has recognized that a party seeking judicial review of a government agency's decision to condemn property has no adequateremedy at law and is therefore entitled to obtain equitable relief." (Emphasis added.) Carpentar Technology Corp. v. City of Bridgeport,180 F.3d 93, 97 (2nd Cir. 1999), citing Stocker v. Waterbury,154 Conn. 446, 451, 226 A.2d 514 (1967) (holding, "[b]ecause the provisions of 8-129 failed to provide the property owner with an opportunity to contest the taking, the plaintiff, being without adequate remedy at law, was entitled to equitable relief to obtain a review of the agency's taking of its property").
The defendants filed an action for injunctive relief in order to stop the condemnation of their property. Although the defendants were initially denied such relief at the trial court level, the Supreme Court subsequently reversed that decision and remanded the case "to the trial court with direction to render judgment granting the [defendants'] claim for a permanent injunction." Aposporos v. Urban RedevelopmentCommission. supra, 259 Conn. 580. The Supreme Court decision that "the final judgment is that the [URC] cannot acquire the [defendants'] real property by condemnation," allows the defendants to seek, inter alia,
attorney fees "actually incurred because of the condemnation proceedings." (Emphasis added.) See General Statutes § 48-17a.
Contrary to what the URC argues in its brief, § 48-17a does not provide that such fees are "only available in an action" instituted by a State Agency. (Emphasis added.) A review of the legislative history reveals that it was contemplated that "if the judgment of the court is that a state cannot acquire the property by condemnation or such proceedings are abandoned by the state," then an "owner of . . . property shall be reimbursed for his reasonable costs and disbursements including CT Page 2790-c attorneys [fees]." (Emphasis added.) 14 H.R. Proc., Pt. 8, 1971 Sess., p. 3632, remarks of Representative Agnes C. Simons. The "judgment" of the Supreme Court is that the URC cannot acquire the defendants' property by condemnation. Therefore, an award of attorneys fees pursuant to §48-17a is appropriate.
The URC further argues that the motion for attorneys fees should be denied because it was not timely filed. Specifically, the URC relies upon Practice Book § 11-21 and argues in their brief that the defendants filed their motion eleven days after the thirty-day deadline had expired. In coming to this conclusion, the URC contends that the thirty days in which the defendants could seek attorneys fees began to toll on March 5, 2002, the date of the Supreme Court decision. Practice Book § 11-21 provides in relevant part that "[m]otions for attorneys fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered." (Emphasis added.) On June 19, 2002, in accordance with the Supreme Court's order, the trial court rendered judgment for the defendants, thus the motion for attorneys fees was not filed late.
Accordingly, the defendants' motion for attorneys fees is granted and the parties are ordered to report to case flow to set down a hearing date in order to determine the amount.