JOHN P. PETRILLO *v.* BOARD OF ZONING APPEALS OF
THE TOWN OF NORTH HAVEN

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 6—decided June 14, 1960

*Albert W. Cretella, Jr.,* with whom was *Lawrence J. Carboni,* for the appellant (defendant).

*Dennis N. Garvey,* with whom were *John W. Colleran* and, on the brief, *Lewis E. Caplan,* for the appellee (plaintiff).

MURPHY, J. The board of zoning appeals for the town of North Haven denied the application of the plaintiff for permission to extend the nonconforming use of his automobile junk yard to premises immediately adjoining his present location and for certificates of approval of the adjoining property for that purpose and for a used car lot. Upon an appeal to the Court of Common Pleas by the plaintiff, the action of the board was reversed. The board has appealed.

In 1951, the plaintiff was, and he still is, the owner of an irregularly shaped plot of ground on the north side of Sackett Point Road and bordering the Quinnipiac River. It is in an industrial B zone. Under what is now General Statutes § 14-54, the board in 1951 approved the property for the location of a used car business. The following year, the board approved the same property as a location for a motor vehicle dismantling or junk yard, under the provisions of what is presently § 21-16. At that time, that type of business was a permitted use in an industrial B zone. The plaintiff has conducted a motor vehicle junk yard on the property ever since. Section nine of the North Haven zoning ordinance was amended by the zoning commission in May, 1953, to prohibit junk yards, including automobile dismantling yards, in an industrial B zone.

The plaintiff in 1956 purchased a piece of property adjoining and easterly of his junk yard. This property is the subject matter of this appeal. In July, 1958, the plaintiff filed an application with the board of zoning appeals for permission to extend his non-conforming automobile junk yard to include the second tract and for certificates of approval of that location for both the automobile junk and used car businesses. After a public hearing, the board denied all three requests. Upon appeal to the trial court, the parties filed a stipulation concerning certain statements made by counsel for the plaintiff at the hearing and also correcting a report as to the number of pupils who travel on Sackett Point Road each day in school busses. The court heard no testimony but, with counsel, viewed the premises. On the basis of its observations of the locale, it made a limited finding which was contrary to, and in conflict with, the conclusions of the board. The court sustained the appeal and rendered judgment for the plaintiff.

Motor vehicle junk yards are subject to strict regulation and licensing under the provisions of chapter 406 of the General Statutes. See *Leach* v. *Florkosky,* 145 Conn. 490, 494, 144 A.2d 334. Section 21-23 provides that in any municipality having a zoning commission, that commission shall have the authority to create restricted districts within which any motor vehicle junk yard or motor vehicle junk business shall not be permitted to be established. Section 21-16 provides that no motor vehicle junk yard or junk business shall be established or operated unless a certificate of approval of the location therefor has been obtained from the zoning board of appeals certifying that the location is not within an established district restricted against such uses by the zoning commission. The chapter which

governs the location, operation and licensing of motor vehicle junk yards is a licensing statute enacted under the police power of the state for their proper regulation. *State* v. *Kievman*, 116 Conn. 458, 465, 165 A. 601. Upon the presentation of a certificate of approval to the commissioner of motor vehicles, a further examination of the location takes place, before a license to operate the yard is issued, in order to determine whether the regulations of the department of motor vehicles are being observed. General Statutes § 21-18. Chapter 406 is independent of chapter 124, relating to zoning. The zoning board of appeals, in acting upon an application for a certificate of approval of a location for either a motor vehicle junk yard or a used car business, acts in a special capacity under the statutes regulating the locations of and the licenses for these particular businesses and not under the local zoning regulations or the zoning statutes. See *Mason* v. *Board of Zoning Appeals*, 143 Conn. 634, 637, 124 A.2d 920, and cases cited. The function of the board under § 21-16 is twofold. First, it has to certify that the proposed location is not within an established district restricted against motor vehicle junk yards and then, if no such restrictions exist, it conducts a public hearing to determine the suitability of the location in view of certain factors, which are set forth in § 21-17. There is no grant of authority under any section of chapter 406, regulating motor vehicle junk yards, which permits the board to change the bounds of restricted districts as established by the zoning commission under § 21-23.

It thus becomes apparent from the precise wording of § 21-16 that so long as the zoning commission prohibits the establishment of automobile junk yards in a district, the zoning board of appeals lacks the

authority to grant a variance for, or otherwise to allow, the establishment of a new business of that type or the extension of one already operating as a nonconforming use. It was therefore beyond the power of the board here to conduct a legal hearing on the suitability of the location of the plaintiff's second tract for an automobile junk yard. The restriction by the zoning commission did not, however, affect the plaintiff's used car business. It is not a prohibited use in an industrial B zone. The plaintiff made a single application for the extension of his nonconforming use and for both certificates of approval. The board considered and voted upon each of the three portions of the application separately, although the application itself gave no indication that the plaintiff sought approval of the location for the used car business other than in conjunction with the automobile junk yard. The action of the board in denying approval of the lot for the used car business could not be reversed by the court unless the board did not act fairly, with proper motives and upon valid reasons. The court heard no testimony but made a finding of facts and conclusions based upon its observations on a visit to the area. It attempted to substitute its judgment for that of the board. This it could not do legally. *Wil-Nor Corporation* v. *Zoning Board of Appeals*, 146 Conn. 27, 30, 147 A.2d 197.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.