CHARLOTTE L. LAGE ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF MADISON ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 13—decided July 18, 1961

*Philip N. Costello, Jr.,* for the appellants (defendants Stiegler et al.).

*Curtiss K. Thompson,* with whom was *William M. Mack,* for the appellees (plaintiffs).

Murphy, J.   The Court of Common Pleas sustained an appeal by the plaintiffs from the action of the zoning board of appeals of the town of Madison in granting a variance of the zoning regulations to permit the construction and operation of a retail grocery and meat market, with a liquor store, on

property in a residence zone. The owner of the property and the prospective purchaser of it have appealed.

Aldene Day Fisher is the owner of an unimproved parcel of land on the southwest corner of the intersection of the Boston Post Road, which is United States route 1, and Meigs Avenue in Madison. Meigs Avenue does not extend north of the Post Road, which runs generally east and west. The Fisher residence adjoins the subject parcel on the west. The parcel fronts 165 feet on the Post Road and is 400 feet deep. Mrs. Fisher has contracted to sell the lot to Richard Stiegler. The sale is contingent on the granting of a variance to permit the erection of an A & P supermarket with a liquor store. The five-man zoning board of appeals conducted a public hearing on April 6, 1959, on the application for the variance and unanimously granted it, subject to certain conditions as to landscaping and type of building. The plaintiffs, Charlotte Low Lage and William W. Low, own and occupy adjoining residences on the north side of the Post Road directly opposite the Fisher residence. Route 79 from Hartford and Middletown crosses the Connecticut turnpike about half a mile north of the Post Road and terminates at and intersects the Post Road in an inverted Y, the west leg of which is opposite the subject parcel and the east leg almost opposite Meigs Avenue. The property on the southeast corner of the Post Road and Meigs Avenue and that to the east of it is zoned for commercial use. The property on the northeast corner is residential, as is all of the property on both sides of the Post Road west of route 79 and Meigs Avenue to the town line.

The return of the proceedings of the board filed

by it with the court did not include a stenographic transcript or mechanical recording, as was inferentially required by the wording of General Statutes § 8-8 as it existed at the date of the hearing before the board, and has since been made an absolute necessity by § 8-7a as adopted by the 1959 legislature. The board did file the following summary:

"Exhibit C
Town of Madison
Public Hearing

"Philip N. Costello, Jr., attorney for Richard Steigler and Aldene Day Fisher, presented to the Board the application for a variance to permit the construction of a retail supermarket with liquor store on the Fisher lot on the west side of Meigs Avenue.

"After this presentation, the chairman opened the hearing to those present who wished to be heard, both for and against the request, which resulted before the hearing was over into personalities. Mrs. Kaiser, Mrs. Crandell and Mrs. Masten were opposed, General Vreeland thought we should wait a year and a half for a paid planner to decide what we wanted, and A. B. O'Keefe, Jr., Chairman of the Zoning and Planning Board felt that any action taken by the Board of Appeals would usurp the powers of his Board. A letter from William Lage in opposition was read by request, while Herbert Grove, Mrs. Ellis, and several others felt that anything of this nature would be an improvement. Others wanted the property sold for a cheap home, and another suggestion was to use it for the site of an apartment house, felt by several to be badly needed.

"After giving nearly two hours to everyone who

had any ideas on the subject, the chairman adjourned the hearing."

It is plainly evident that this summary of a heated two-hour discussion treats the matter lightly and is far from being a complete summation of the hearing and the evidence presented at it such as existed in *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 68, 157 A.2d 103. The summary was so woefully inadequate that the trial court could not review the board's action in accordance with the provisions of General Statutes § 8-8 without hearing evidence. *Corsino* v. *Zoning Commission,* 148 Conn. 299, 302, 170 A.2d 267. The record did not conform in the slightest with the requirements of the statute as defined in *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 453, 94 A.2d 793. In addition, two of the exhibits and a letter which had been introduced at the hearing were not included in the return.

In the company of, and by agreement of, counsel, the court viewed the premises and the area within a reasonable distance of the intersection. On the basis of the evidence which was heard by it and its observations, the court made a limited finding which was more extensive than would ordinarily be required. While some of the conclusions the court reached are not invulnerable to attack, its ultimate conclusion that the board acted illegally, arbitrarily and in abuse of discretion is fully warranted. Furthermore, the reasons given by the board for granting the variance did not include a finding that exceptional difficulty or undue hardship would result unless the variance was granted; *Finch* v. *Montanari,* 143 Conn. 542, 544, 124 A.2d 214; and that the change would not substantially affect the comprehensive plan of zoning in the town. *Heady* v. *Zoning*

*Board of Appeals,* 139 Conn. 463, 467, 94 A.2d 789; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 541, 45 A.2d 828. The action of the court in viewing the premises and basing its finding in part on the results of that visit is clearly distinguishable from the situation in *Petrillo* v. *Board of Zoning Appeals,* 147 Conn. 469, 162 A.2d 508, in which the court heard no evidence but tried the case on the record of the proceedings before the board, supplemented by a stipulation of certain facts offered as evidence to the board but not included in its return. The court's finding in that case was based on its observations on a visit to the area and not on evidence, independent of the record, heard by it. Id., 473. The court should not substitute its judgment for that of the board. Ibid. Here, there was no record of substance, and it became necessary for the court to proceed as it did.

The plaintiffs filed a bill of exceptions to several of the rulings on evidence made by the court. Ordinarily, having reached a conclusion which will not require a new trial, we would not discuss the rulings. As two of the questions may arise in other zoning appeals, however, we shall refer to them. The court sustained objections to the attempt of the plaintiffs to offer evidence to prove that they were aggrieved by the action of the board. See General Statutes § 8-8. Such evidence is admissible, since without it the trier might not have a sufficient basis for a finding of aggrievement. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 666, 154 A.2d 520. In that case, we pointed out that the question of aggrievement was not one which had to be proved by the appellant before the board but should be established before the court, since there could be no aggrievement until the board had acted. The fact

that the particular witness on whose testimony in the trial court the plaintiffs relied to establish that they were aggrieved had not testified at the hearing before the board was not a valid reason for excluding the evidence. See *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 221, 140 A.2d 477. The court should have permitted evidence on the question of aggrievement and, having done so, included in its limited finding both the subordinate facts on the issue and its conclusions resulting therefrom. The subsequent concession by the defendants that the plaintiffs were aggrieved did not correct the ruling. We do not hold that in a proper case the evidence on which the court finds aggrievement may not be found in the returned record of the proceedings before the board.

The plaintiffs also offered in evidence a transcript of a hearing before the town planning and zoning commission about ten weeks prior to the hearing before the zoning board of appeals. Mrs. Fisher at the former hearing unsuccessfully attempted to obtain a change of zone of the parcel in question, for the same purpose. One of the residents who spoke in favor of the change at that hearing was Sidney Evarts, a member of the zoning board of appeals. He sat as a member of the appeals board at the hearing on the application for the variance and voted in favor of it. We have already stated that the appeals board acted unanimously. Under General Statutes § 8-7, the concurrence of four members is needed on a favorable vote for a variance. Section 8-11 prohibits any member of a zoning commission or zoning board of appeals from participating in the hearing or decision of any matter before the board of which he is a member, if he is directly or indirectly interested in the matter in a personal

or financial sense. The transcript of Evarts' statement before the planning and zoning commission does not reveal any direct interest of his in the property. His remarks, however, indicate a preconceived opinion about the desirability of the change, and that opinion must have influenced his vote on the variance. Whether his attitude had any bearing on the decision of his comembers cannot be known. The vote of the other four members would have been sufficient to grant the variance. In a somewhat similar situation, we held that a member of a zoning commission should have disqualified himself. *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 496, 134 A.2d 250. Evarts would have shown much better judgment had he refrained from acting as a member of the board of appeals in this matter. The court should have allowed the introduction in evidence of the portion of the transcript concerning his statement before the planning and zoning commission. The statement could well have been preliminary to development of a basis for absolute disqualification. Parenthetically, it is to be observed that § 8-11 was enacted as § 8 of Public Act No. 335 in 1951, following the opinion of this court in *Low* v. *Madison,* 135 Conn. 1, 60 A.2d 774 (1948), a case also involving Mrs. Fisher's property. Two of the plaintiffs in that case are the plaintiffs here. Though at that time there was no statutory disqualification prohibiting Mrs. Fisher's husband from acting as a member of the zoning commission in passing on a zoning change requested by her, we held that he should have disqualified himself and that his participation invalidated the action of the commission. Id., 10.

There is no error.

In this opinion the other judges concurred.