[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this administrative appeal from the defendant East Hartford Planning and Zoning Commission's (Commission) denial of her application for a nine-lot subdivision of land owned by her in East Hartford, Connecticut.
Thomas Murphy (Murphy) is an owner of land abutting plaintiff's land and has been granted the right to intervene in this action as a defendant. CT Page 4758
FACTS
Plaintiff is the owner of a parcel of land containing 3.456 acres on the northerly side of Larrabee Street in the Town of East Hartford as more particularly shown on a subdivision plan entitled "Ostrout Subdivision Prepared for Gloria Ostrout East Hartford, Conn. Civil Engineer and Landsurveyors Glastonbury, Conn. Megson Heagle Date 5-8-86 [Rev. 7-12-86] Scale 1" = 40 Map 4-82-1".
On July 14, 1986 Gloria Ostrout submitted an application seeking subdivision approval of the above described parcel of land to the Commission.
On September 10, 1986 the Commission held a public hearing on that application and on September 17, 1986 it denied the application stating, per the return #11, as the reason, "The proposal will overcrowd the land." However, #17 of the record is the transcript of the Commission's discussion of the motion and the vote at the September 17, 1986 meeting. The motion is as follows:
"Grottole I move this subdivision be denied for the following reasons: (1) this subdivision will not promote the health, the safety and general welfare of the community; (2) this subdivision will create an overcrowding of the land; (3) this subdivision will cause undue concentration of population in this area."
There was a second and further discussion, after which the following occurred:
 "Further questions? Hearing none, all in favor of the motion to deny say "Aye" Commissioners: "AYE".
Kayser: Opposed No. Carries."
The vote was 7 to 0 for denial.
Notice of the decision of the Commission was published in The Hartford Courant on September 26, 1986.
The subject property is in the R4 zone.
The general consensus of the Commission was "that the configuration of the lots with its present buildings on Lots 7, 8 and 9, rather than the actual number of lots for this parcel, CT Page 4759 was the major problem."
The proposed Lot #7 on its westerly boundary beginning at Larrabee Street in its first segment is 180.59 feet; then in its second segment that westerly line is an additional 65.64 feet. If that last segment were extended in the same direction it would run an additional distance of 92.5 feet more or less to the southerly boundary of proposed Lot #6. That equals a total westerly line depth for proposed Lot #7 of 338.73 feet more or less.
There is an apartment building on the proposed Lot #7. "The apartment building located at 50 Larrabee Street [proposed Lot #7] is a non-conforming structure of record because it is non-conforming as to the yard requirements." Plaintiff's Memorandum of Law, July 7, 1987, page 2. As a non-conforming use the lot upon which the apartment first existed had a total depth, as measured in the same manner as the court measured for proposed Lot #7, of 322.59 feet. Thus, the new lot is 16.24 feet more or less deeper than the original non-conforming lot. In addition, the proposed Lot #7 is substantially wider over all its northerly portion more than 246.13 feet from Larrabee Street, when measured as above, than is the original lot.
Law
If a subdivision application meets all of the regulatory requirements of the town it must be approved.
RK Development Corporation v. Norwalk 156 Conn. 369, 375-376.
I. Aggrievement
Plaintiff owns the property in question. Plaintiff sought to subdivide the property in question. The Commission denied her application to subdivide. She is aggrieved by that denial. Walls v. Planning Zoning Commission 176 Conn. 475,477-478; Bossert Corporation v. Norwalk 157 Conn. 279, 285.
II. Burden of Proof
"Appellate review of an agency's decision is of limited scope. The reviewing court does not make a broad, de novo review of the record. [cite omitted]. It does not redetermine factual issues or weigh the credibility of witnesses as those matters are within the exclusive province of the agency. [cite omitted]. The court is limited to a review of the evidence and reasoning the agency has placed on the record." Kaeser v. Conservation Commission 20 Conn. App. 309,311. The court may not look behind the agency's "formal vote CT Page 4760 and the reasons stated" and infer that the agency found deficiencies other than those stated. Allied Plywood, Inc. v. Planning Zoning Commission 2 Conn. App. 506, 511. However, the burden is on the plaintiff to prove that the action of the Commission was illegal. Crescent Development Corporation v. Planning Commission 148 Conn. 145, 151. To do that she necessarily had to show that the subdivision plan for which she sought approval did comply with all of the subdivision regulations.
The conclusion that the burden is on the applicant to prove the Commission acted illegally is reinforced by the court-based rule that even if a commission fails to state on the record its reasons for its actions the trial court must search the record to see if there is a basis for the commission decision, and if the court finds such a reason it must uphold the commission's decision. Parks v. Planning Zoning Commission 178 Conn. 657, 661-662 (an amendment to a zoning regulation). Cf. De Maria v. Planning Zoning Commission159 Conn. 534, 540-541 (denial of a special permit).
A search of the record shows that plaintiff has failed to sustain her burden of proof.
III. Policy Statements
The defendants assert that the reasons for the denial of "the subdivision application are directly tied to criteria set forth in the Subdivision Regulations which require the prevention of overcrowding. See Section (sic) 1.OH, . . .". That subsection is part of "Article I — Subdivision Policy" and reads as follows:
 "1.OH Provision of adequate light, air, and privacy, of security from fire, flood, and other danger and prevention of overcrowding of the land and undue congestion of population."
Even "[g]eneral policy statements gleaned from subdivision regulations regarding compliance with public health and safety regulations do not provide a sufficient basis for rejection of a subdivision permit [sic]." Sowin Associates v. Planning 
Zoning Commission 23 Conn. App. 370, 376. In the instant matter although the policy set forth in subsection 1.OH is not directly related to any particular health and safety regulations it does provide broad but clear guides for the Commission.
The subdivision application may be denied for the reason CT Page 4761 that the proposal does not make "[P]rovision . . . [for the] prevention of overcrowding of the land . . ." if there are facts to support that conclusion. Forest Construction Co. v. Planning Zoning Commission 155 Conn. 669, 675.
II. Compliance with Zoning Regulations
Although Article I is a statement of policy it is clear that for the approval of any subdivision "[c]onformance with the Plan of Development and the Zoning Regulations and all subsequent amendments thereto" is required. Town of East Hartford, Connecticut Subdivision Regulations, effective 7/5/89, Article I, 1.OA.
Among those zoning regulations with which the subdivision must conform is 221c, which reads as follows:
 "221 Continuance of Non-Conforming Uses Any non-conforming use of land or building lawfully existing at the effective date of these Regulations or of any pertinent amendment thereto, may be continued, and any building so existing which was designed, arranged, intended for, or is devoted to a non-conforming use may be structurally altered and the non-conforming use therein continued, all subject to the following requirements: . . .
 c. A non-conforming use shall not be enlarged as to area, nor occupy a different portion of the lot than it did on the effective date of these Regulations or any amendment thereto, nor changed in any manner as to diminish any conforming use."
As the facts show, plaintiff seeks to extend the nonconforming use of her apartment building lot "to premises immediately adjoining" the present location. This she may not do. Petrillo v. Board of Zoning Appeals, 147 Conn. 469,472-473.
N. O'NEILL, JUDGE