AUGUSTUS G. SIMMONS *v.* HORACE B. WETHERALL, DEPUTY COMMISSIONER, DEPARTMENT OF TRANSPORTATION, ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued April 8—decision released May 13, 1980

*Ronald E. Cassidento,* with whom, on the brief, was *Donald N. Carlow,* law student intern, for the appellant (plaintiff).

*William A. McQueeney,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant state of Connecticut).

PER CURIAM. This appeal stems from various actions, consolidated by the trial referee,[1] involving the plaintiff, the state of Connecticut and other litigants concerning the appropriation by the state of certain lands of the plaintiff located in the town of East Granby in the area of Bradley Field.

After extensive litigation over many years, the parties to all of the consolidated cases negotiated a settlement wherein the plaintiff agreed to sell the land to the state for an agreed upon price. After a stipulated judgment had been rendered which conformed to the terms of the agreement, the plaintiff moved to open the judgment claiming ineffective assistance of counsel. From the denial of that motion, the plaintiff took this appeal.

On appeal, the plaintiff argues that the court erred in refusing to grant the motion to open the judgment claiming (1) that the state failed to comply with the provisions of § 13b-44 of the General Statutes which require the approval of the town before land can be used for airport expansion, and (2) that there was ineffective representation of counsel resulting from a conflict of interest.

The trial referee's refusal to grant the plaintiff's motion was based on his conclusion that § 13b-44 of

[1] *Augustus J. Simmons* v. *Horace B. Wetherall, et al.,* No. 163875, was consolidated with the following cases: *State of Connecticut* v. *Augustus J. Simmons,* No. 202121; *Augustus J. Simmons* v. *Samuel Kanell, et al.,* No. 199230; *State of Connecticut* v. *Anastasia Simmons, Augustus J. Simmons* and *Charles Simmons,* No. 140965; and *Augustus J. Simmons* v. *Frank C. Parizek, et al.,* No. 162923.

the General Statutes was not applicable to the five cases before him. The trial referee also concluded that there was no ineffective representation or conflict of interest on the part of the plaintiff's counsel.

The trial referee's conclusions are tested by the finding; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645 (1970); and the conclusions must stand unless they are inconsistent with the facts found. *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855 (1966).

The trial referee found that § 13b-44 was enacted in 1969, some five years after the disputes which underlie this appeal arose, and that it was not, therefore, applicable to the present controversy.

The trial referee further found that the plaintiff's complaints directed against his counsel were without merit; that there was no conflict of interest; and that counsel rendered the highest degree of service and devotion to the plaintiff in securing for him an excellent settlement. These unchallenged findings legally and logically support the conclusions reached.

There is no error.