AUGUSTUS SIMMONS *v.* HORACE WETHERALL, DEPUTY COMMISSIONER, DEPARTMENT OF TRANSPORTATION (3160)

HULL, SPALLONE and DALY, Js.

Argued March 13—decision released May 7, 1985

*John L. Stawicki,* with whom, on the brief, was *Jean M. Stawicki,* for the appellant (plaintiff).

*Gerard J. Dowling,* assistant attorney general, with whom were *Robert T. Morrin,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

PER CURIAM. This case is the most recent chapter in a seemingly endless saga arising out of a dispute beginning in 1960 concerning the state's taking, for airport purposes, of approximately 13.5 acres of Simmons family land adjoining Bradley Field in East Granby. The dispute eventually reached the Supreme Court. *Simmons* v. *Wetherall,* 180 Conn. 587, 430 A.2d 1296 (1980).[1] Thereafter, Simmons filed two suits in the United States District Court for the District of Connecticut; Civil Action Nos. H-83-223, H-81-778; which dismissed them as res judicata. Those dismissals were affirmed in the Second Circuit Court of Appeals.[2]

The present proceeding arose out of a "Claim For Declaratory Judgment" filed, pro se, by the plaintiff in the trial court on February 3, 1984. The plaintiff sought rulings on eleven different issues which had arisen through the years in connection with this matter. He also sought to void the judgment settling the case which was upheld by the Supreme Court in 1980.

On February 27, 1984, the plaintiff appeared pro se before the trial court, *Edelberg, J.,* on the motions

[1] Other aspects of the dispute were considered in *State* v. *Simmons,* 153 Conn. 351, 216 A.2d 632 (1966), *State* v. *Simmons,* 155 Conn. 502, 234 A.2d 835 (1967); and *Simmons* v. *State,* 160 Conn. 492, 280 A.2d 351 (1971).

[2] A petition for certiorari was denied by the United States Supreme Court on October 1, 1981.

calendar. The attorney for the state explained that the settlement judgment of 1978 had been upheld by the Supreme Court and the United States District Court and Court of Appeals. The court then refused to hear any argument from the plaintiff and, stating that "you've had your days in court," denied the plaintiff's claim. The plaintiff's issues on appeal all essentially involve the claim that he was denied due process of law by being denied a chance to be heard on the matter.

Because of the unusual stance of this case, we do not reach the issue of res judicata, raised by the defendants, since the plaintiff was not allowed to argue this claim. Nor do we reach the question of whether judicial patience was so stretched by over twenty years of litigation that the trial court unfairly denied the plaintiff a chance to be heard again.[3]

Even had the plaintiff's claim been legally proper,[4] the record is devoid of any notice to the myriad interested persons, cited in the claim for declaratory judgment, who were not parties to the original suit involved. The court lacked subject matter jurisdiction to hear the plaintiff's claim. *Echo Four* v. *Hill,* 3 Conn. App. 118, 123, 485 A.2d 926, cert. denied, 195 Conn. 801, 487 A.2d 564 (1985).

There is no error.

---

[3] The inappropriateness of the plaintiff's "Claim for Declaratory Judgment," which rehashes matters occurring over many years, all of which were disposed of in a settlement leading to a 1978 judgment later upheld by the Supreme Court, requires no discussion.

[4] The plaintiff's claim for a declaratory judgment was presented and treated by the court in the form of a motion. An action for a declaratory judgment must be brought by complaint. Practice Book § 391 (a).