[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff brings this action for three pieces of real property owned by the state of Connecticut. He gives no reason as to why the state should deliver that property to him. He has no interest in it and thus no right to a declaratory judgment. Conn. Practice Book 390(a).
The plaintiff specifically alleges that he is "the record owner" of those three pieces of real property. The exhibits he attaches to his application, taken together with the court history of this matter, make it clear that such allegation is made without reasonable cause and is on its face untrue. Conn. Practice Book 111. The attorney general has had to respond to this action; file a motion to dismiss, together with a 16-page memorandum; and appear in court. Such work is worth at least $250 in attorney's fees.
The same basic issues were tried and decided in Simmons v. Wetherall, 180 Conn. 587. The trial court's finding in that action is attached hereto and made a part hereof. None of those findings was overturned on appeal.
Motion to dismiss is granted. Simmons v. Wetherall,180 Conn. 586. Simmons v. Burns, 9 Conn. App. 802, 803; cert. denied 201 Conn. 815; Simmons v. Wetherall, 3 Conn. App. 672,674.
Costs of $250 for attorney's fees under Conn. Practice Book 111 are assessed against plaintiff, together with court costs.
N. O'NEILL, J.
FINDING
 I.
The following facts are found:
1. On December 13, 1977, Case No. 163875, Augustus J. Simmons v. Horace B. Wetherall, et al, was scheduled for trial before State Referee Louis Shapiro. CT Page 1527
2. Appearing for the plaintiff were Augustus J. Simmons, pro se and attorneys Robert Hirtle, Ned Rogin, Edward Rogin, David B. Salzman and Stephen Silverman. For the defendants appeared assistant Attorneys General William A. McQueeney and Dennis A. Ceneviva.
3. Four other pending Superior Court cases involving various aspects of the same or related subject matter, Nos. 202121, 140965, 199230 and 162923, were consolidated with No. 163875 and were referred by the Court to the State Referee.
4. The parties presented a stipulation dated December 13, 1977 signed by the plaintiff, pro se, and by all the attorneys appearing for the plaintiff, agreeing to reopen all prior judgment in the consolidated cases and enter a stipulated judgment.
5. The plaintiff was pleased with the terms of the stipulation and thankful to his lawyers for securing the stipulation.
6. The State Referee acting as a court entered judgment on the stipulation.
7. Attorney Hirtle requested on behalf of the plaintiff that the file and judgment be sealed.
8. On January 4, 1978, the plaintiff again appeared before the court as a pro se and also represented by the same counsel who had appeared for him on December 13, 1977, with one additional counsel, Robert King.
9. It was agreed the same five numbered cases were being considered with the name of one case being changed, No. 140965, to State of Connecticut v. Anastasia Simmons, Augustus J. Simmons and Charles Simmons from the title State of Connecticut v. Augustus J. Simmons.
10. A second stipulation dated January 4, 1978 was introduced into court, signed by all parties and judgment was entered thereupon dated January 4, 1978. Reference was made to the parcels of land designed in exhibits A and A-1 and reference was further made to the stipulation dated December 13, 1977. CT Page 1528
11. Certain conditions were agreed to and stipulations made to which the plaintiff's request.
12. The plaintiff personally and through counsel again asked that the files be sealed and the defendant agreed to plaintiff's request.
13. It was further stipulated that the settlement also included withdrawals of federal court actions which withdrawals had been accomplished.
14. Plaintiff and his counsel represented to the court their approval of the settlement and plaintiff indicated it was fair. Plaintiff further assured the court this settlement was for keeps.
15. On June 2, 1978 further hearing was had on the same five cases. Appearing for the plaintiff were: Augustus J. Simmons, pro se, and Attorneys Robert Hirtle, Ned Rogin, David B. Salzman and Stephen Silverman. For the defendants appeared Assistant Attorneys General William A. McQueeney and F.D. Neusner.
16. The court had before it a motion filed by the defendants for execution on the judgment entered by the court and dated January 3, 1978 on which execution had been stayed until April 21, 1978.
17. The court also entertained a motion dated June 1, 1978 filed pro se by Mr. Simmons, to reopen the judgment and a motion to withdraw as counsel by the Rogin law firm, including Robert Hirtle, and a motion to withdraw as plaintiff's counsel by David B. Salzman and Stephen Silverman.
18. Attorney Robert Hirtle had been employed as an assistant Attorney General from June 1965 to October 31, 1971. During that period he had not represented the State Aeronautics Department nor the Department of Transportation.
19. The plaintiff was advised when he first came to see Attorney Hirtle that he had been employed as an assistant Attorney General and Attorney Salzman had discussed with the plaintiff the advantage Mr. Simmons enjoyed because CT Page 1529 of the respect the Attorney General's Office had for Mr. Hirtle. These discussions of Mr. Hirtle's former state employment took place before the first settlement agreement.
20. Plaintiff was very familiar with all of the facets of all of the cases involved in the stipulated judgment; he had very able counsel representing him on the first settlement and the second settlement; he had accounting advice; and the counsel of an additional attorney, Mr. King representing him on the second settlement.
21. The plaintiff, Augustus J. Simmons, after having the court order the files to be sealed after the January 4, 1978 judgment, encumbered part of the property included in the judgment, by leasing out the same, while the defendants could not protect themselves by recording in the land records the judgment, as such recording would have been contrary to the court order, the purpose of said order was intended to protect the plaintiff.
22. The plaintiff, Mr. Simmons, first stipulated to judgment of December 13, 1977 upon the payment by defendant of $518,000; he changed his mind and defendants agreed to reopen the judgment. On January 4, 1978 plaintiff stipulated to a judgment, this time for less land of his than in the first stipulation, upon payment by defendants of $385,000 and plaintiff again later changed his mind.
23. Plaintiff's accusations against Attorney Hirtle were not made to the court until after the first and second stipulated judgments and after plaintiff had entered into a lease agreement with a third party affecting land included in the judgments, which act broke faith with the court, his counsel and the State of Connecticut.
24. Plaintiff's accusations against Attorney Hirtle have no merit, Attorney Hirtle rendered the highest degree of service and devotion to the plaintiff. He secured and excellent settlement and judgment for the the plaintiff who repaid him by acts of misrepresentation and misconduct.
25. Plaintiff made no claim to the court that CT Page 1530 the first and second stipulated judgments relating back to the start of the controversy between the parties, on or about November 12, 1968, violated 13b-44 of the Connecticut General Statutes until after plaintiff changed his mind a third time.
26. Sec. 13b-44 was enacted in 1969 (P.A. 768 39 Amendments), some five years after the start of the controversy here before the court.
27. Plaintiff's motion to reopen the judgment entered on January 4, 1978, dated June 1, 1978, was denied by the court for the reasons stated in the Memorandum of Decision dated June 2, 1978.
28. Judgment supplementing the judgment entered on January 3, 1978 was entered on June 2, 1978.
 II.
The following conclusions have been reached:
29. Robert Hirtle and other counsel representing the plaintiff gave full, adequate and skillful representation to the plaintiff at all times he and they represented the plaintiff in these proceedings.
30. Robert Hirtle and David B. Salzman disclosed and discussed with the plaintiff Mr. Hirtle's former employment as an assistant Attorney General and plaintiff and counsel felt the situation was an advantage to plaintiff in negotiating a settlement.
31. The five cases considered by the court related back to disputes commencing in 1964, P.A. 768, S. 39, now 13b-44, and said statute is not applicable to the controversy here involved.
 II.
The plaintiff made the following claims of law respecting the stipulated judgment entered on January 4, 1978 by motion to reopen said judgment filed on June 1, 1978, upon which the court rules CT Page 1531 as hereinafter stated:
32. The judgment should be reopened because of the failure of the defendants to following Connecticut General Statutes 13b-44.
33. The judgment should be reopened due to inadequate representation of the plaintiff by Robert Hirtle.
34. The judgment should be reopened due to an undisclosed conflict of interest between Robert Hirtle and the defendants.
35. Notwithstanding said claims, the court denied the motion to reopen and entered judgment supplementing the stipulated judgment entered on January 4, 1978 as on file.
 IV.
All exhibits admitted in evidence may be made a part of the Finding and be allowed to be used in argument before the Supreme Court without being printed in the record.
LOUIS SHAPIOR State Referee
Filed January 16, 1979