**Augustus J. SIMMONS, pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 02–301L.**

United States Court of Federal Claims.

Aug. 1, 2002.

Augustus J. Simmons, Windsor, CT, pro se.

Barry A. Weiner, Washington, DC, with whom was Assistant Attorney General Thomas L. Sansonetti, for defendant. Frank San Martin, Federal Aviation Administration, Washington, DC, of counsel.

Assistant Attorney General Paul K. Pernerewski, Hartford, CT, for Commissioner James F. Byrnes, Jr., Connecticut Department of Transportation.

## ORDER

MILLER, Judge.

This case is before the court on defendant's motion to dismiss plaintiff's various claims related to the Federal Aviation Administration's 1962 condemnation of plaintiff's real property located adjacent to Bradley International Airport in Connecticut. At issue is whether plaintiff's claims are barred by the statute of limitations or by the doctrine of res judicata. Argument is deemed unnecessary.

## FACTS

On July 1, 1962, the Federal Aviation Administration (the "FAA"), through the State of Connecticut, attempted to condemn plaintiff's property located in East Granby, Connecticut, for the purpose of expanding what is now the Bradley International Airport. Plaintiff filed multiple actions, eventually consolidated by the Connecticut Supreme Court, all challenging the legality of the occupation of plaintiff's land and the state's attempt to gain title to the property. Pursuant to a stipulation by the parties, judgment entered on January 4, 1978, providing that the State of Connecticut take title to plaintiff's land in exchange for approximately $385,000.00.

Shortly thereafter, plaintiff unsuccessfully attempted to vacate the judgment. Over the next decade, he proceeded to file a number of lawsuits, again alleging the illegal occupation of his land, on various theories including a taking in violation of the United States Constitution, state law trespass and ejectment, and various federal statutes. All of these cases were dismissed on principles of res judicata and collateral estoppel.

On March 15, 1988, the Hon. José A. Cabranes, United States District Judge, United States District Court for the District of Connecticut, sought to "put an end to plaintiff's vendetta and relieve its victims from the burden of vexatious relitigation of these issues." *Simmons v. Burns*, No. H–87–732 (JAC), slip. op. at 13 (D.Conn. Mar. 15, 1988). He entered an injunction enjoining plaintiff from filing in any federal court any state or federal claim predicated upon the condemnation of plaintiff's land in East Granby, Connecticut. *Id.* at 15.

Unchastened by either past defeats or the injunction, plaintiff now sues in the United States Court of Federal Claims, alleging in a three-count complaint that the condemnation of his property in East Granby constituted (1) a breach of contract; (2) an illegal exaction in violation of due process; and (3) a taking of property without just compensation. By separate motion, plaintiff seeks leave to amend the complaint, predicating jurisdiction on 28 U.S.C. § 1331 (2000), to include a pendant claim against James F. Byrnes, Jr., Commissioner, Connecticut Department of Transportation. Both defendant and the putative state defendant move to dismiss under RCFC 12(b)(1) on the ground that the statute of limitations bars plaintiff's claims or, alternatively, under RCFC 12(b)(6) on the ground that the claims are barred by the doctrines of res judicata and collateral estoppel.*

## DISCUSSION

### 1. Standards

Whether a court possesses subject matter jurisdiction over a claim depends upon the "court's general power to adjudicate in spe-

---

* Inexplicably, neither defendant nor Commissioner Byrnes moves to enforce Judge Cabranes's injunction, instead invoking the statute of limitations and the doctrine of res judicata. They thereby do a disservice to themselves. Because the statute of limitations is jurisdictional, the court first must address that issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). However, enforcing the injunction would bar plaintiff's claims on the merits, whereas a dismissal under the statute of limitations operates as a dismissal without prejudice, *see* RCFC 41(b); *Indium Corp.*

*of Amer. v. Semi–Alloys, Inc.*, 781 F.2d 879, 881 (Fed.Cir.1985).

Defendant does rely on Judge Cabranes's order as a ground for barring the claims on the merits. Had defendant moved to enforce the judgment the only determination required would have been whether the terms of the injunction were applicable to plaintiff and his claims, and an order could have entered barring plaintiff's claims on the merits. Needless to say, defendant would have been spared briefing the "torturous" history of the case of which it complains. Def.'s Br. filed June 10, 2002, at 4.

cific areas of substantive law." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir. 1999). A motion to dismiss under RCFC 12(b)(1) may challenge the sufficiency of the jurisdictional allegations in the complaint. When a federal court hears such a facial challenge, "its task is necessarily a limited one." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* The burden of proving that the Court of Federal Claims has subject matter jurisdiction over a claim rests with the party seeking to invoke its jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Trauma Serv. Group v. United States,* 104 F.3d 1321, 1324 (Fed.Cir.1997). The court is mindful that complaints filed by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Nevertheless, the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements. *Kelley v. Sec., United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987).

### 2. Statute of Limitations

 Civil actions brought against the United States in the Court of Federal Claims must be filed within six years of accrual. 28 U.S.C. § 2501 (2000). Because the limitations period is an express condition of the Government's consent to be sued, the court lacks power to toll the running of the statute of limitations on equitable grounds. *Hart v. United States,* 910 F.2d 815, 818–19 (Fed.Cir. 1990). A cause of action accrues when all of the events necessary to fix the alleged liability of the Government have occurred and the claimant legally is entitled to bring suit. *Catawba Indian Tribe of So. Carolina v. United States,* 982 F.2d 1564, 1570 (Fed.Cir.1993); *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed.Cir.1988). Ignorance of all the facts does not alone suffice to toll the statute of limitations. Plaintiff need only be aware of sufficient facts to know a wrong occurred. *Japanese War Notes Claimants Assoc. v. United States,* 178 Ct.Cl. 630, 634, 373 F.2d 356, 359 (1967). It is not necessary that plaintiff be fully appraised of the merits of the claim or the extent of damages before filing suit. *Boling v. United States,* 220 F.3d 1365, 1371 (Fed.Cir.2000) (rejecting proposition that filing of lawsuit can be postponed until full extent of damages is known); *Catawba,* 982 F.2d at 1572 (holding that misunderstanding as to meaning of law does not toll accrual of cause of action when all relevant facts are known).

According to his complaint, the physical invasion of plaintiff's property occurred approximately 40 years ago, on July 1, 1962. In his opposition brief, plaintiff offers only 1) the astonishing proposition that the filing of a lawsuit will stop the running of the period of time necessary for a party to perfect title through prescriptive easement or adverse possession; 2) the argument that attachment of his land was rendered invalid because the original summons issued by the Connecticut Attorney General named plaintiff's property, but failed to name plaintiff as the owner of that property; and 3) the fact that plaintiff also attempted to dissolve certain attachments to the property in 1996. These averments do not establish that plaintiff's claims accrued within the six years prior to filing, *i.e.,* after April 10, 1996. The court has reviewed the complaint and cannot find one single allegation of conduct or fact not known to plaintiff before the accrual date. Defendant's motion to dismiss plaintiff's claims as barred by the statute of limitations therefore is granted.

### 3. Res judicata

 Were jurisdiction present to consider plaintiff's claims, they would be barred by operation of the doctrine of *res judicata.* Under the doctrine of claim preclusion, or *res judicata,* "a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Claim preclusion attaches when (1) the court's prior decision is a valid and final judgment; (2) the

suit before the court involves the same claim or cause of action as in the prior decision; (3) the prior decision was on the merits of the case; and (4) the same parties are involved in both cases. *Americo Mosca v. United States,* 224 Ct.Cl. 678, 679, 1980 WL 99690 (1980). The Supreme Court has attached significant importance to assuring the non-movant has had a "full and fair opportunity to litigate" the claim below. *See Poyner v. Murray,* 508 U.S. 931, 113 S.Ct. 2397, 124 L.Ed.2d 299 (1993). The court has examined the filings to this end.

 In 1978, pursuant to a settlement, judgment was entered regarding plaintiff's claim concerning the condemnation of the subject property. A judgment entered into by agreement or consent is a valid and final judgment. *Conn. Pharmaceutical Ass'n v. Milano,* 191 Conn. 555, 558, 468 A.2d 1230 (1983). The Supreme Court of Connecticut already has found that this agreement was valid and on the merits. *See Simmons v. Wetherall,* 180 Conn. 587, 588, 430 A.2d 1296 (1980). Indeed, Judge Cabranes already has characterized plaintiff's federal lawsuits as improper collateral attacks on a valid state court judgment and, for this reason, imposed an injunction on plaintiff against further litigation of this matter. In addition to Judge Cabranes, other state and federal trial and appellate courts already have determined that plaintiff has had more than a full and fair opportunity to litigate his property claims and that merely changing the legal theory of the case or the name of the defendant does not provide any justification to reopen the 1978 settlement. Dismissal on *res judicata* grounds therefore is appropriate.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows:

1. Defendant's motion to dismiss under RCFC 12(b)(1) is granted, and the Clerk of the Court shall dismiss the complaint without prejudice for lack of jurisdiction.

2. Plaintiff's Motion for Leave of Court To Amend Jurisdiction with the Addition of 28 U.S.C. § 1331 is denied as futile. *See*

*Mitsui Foods v. United States,* 867 F.2d 1401, 1403–04 (Fed.Cir.1989) (futility of amendment may justify denial of motion for leave to amend).

3. Because plaintiff has abused the process of the court by filing a complaint with no legitimate basis for jurisdiction on a claim that has been adjudicated previously, defendant is directed to make no response to any paper filed in the Court of Federal Claims by this plaintiff under any docket number or caption unless ordered to do so by the court. Defendant will not be defaulted in any case in which it complies with this order. The court will advise defendant if an answer or other pleading is required; absent such advice, the prescribed times within which defendant would be required to answer or otherwise plead are suspended indefinitely. *See Sterner v. United States,* 2 Cl.Ct. 253, 255 (1983).