Augustus J. SIMMONS,
Plaintiff–Movant,

v.

UNITED STATES, Defendant–Appellee,

and

James F. Byrnes, Jr., Commissioner
Connecticut Department of Trans-
portation, Respondent–Appellee.

No. 02–5163.

United States Court of Appeals,
Federal Circuit.

Jan. 10, 2003.

Augustus J. Simmons, of Counsel, Wind-
sor, CT, for Plaintiff.

Paul Kasimir Pernerewski, Jr., of Coun-
sel, Hartford, CT, for Respondent–Appel-
lee.

William B. Lazarus, Principal Attorney,
Barry Alan Weiner, of Counsel, Washing-
ton, DC, for Defendant–Appellee.

Before RADER, BRYSON, and DYK,
Circuit Judges.

PER CURIAM.

August J. Simmons seeks review of the
judgment of the United States Court of
Federal Claims, *Simmons v. United
States*, 53 Fed. Cl. 131 (2002), dismissing
his claims as barred by the statute of
limitations and the doctrine of res judicata.
We *affirm*.

## BACKGROUND

The Federal Aviation Administration
(FAA), through the State of Connecticut
attempted to condemn real property
owned by Simmons in 1962. Following a
lengthy court battle in the state courts of
Connecticut, judgment was entered on
January 4, 1978, pursuant to a stipulation

of the parties. The stipulation provided "that the State of Connecticut take title to plaintiff's land in exchange for approximately $ 385,000.00." *Simmons*, 53 Fed. Cl. at 132. Simmons thereafter filed a number of lawsuits in federal court seeking to vacate the judgment. These lawsuits culminated in a March 15, 1988, decision of the United States District Court for the District of Connecticut enjoining Simmons "from filing in the United States District Court for the District of Connecticut or any other federal court any lawsuit in which he asserts the same claims as were litigated, or as might have been litigated, in the Connecticut Superior Court cases...." *Simmons v. Burns*, No. H–87–732, slip op. at 15 (D.Conn. Mar. 15, 1988).

Simmons subsequently filed the present suit in the Court of Federal Claims alleging with respect to the condemnation: breach of contract; violation of due process; and a taking of property without just compensation. The government filed a motion to dismiss, which the court granted pursuant to 28 U.S.C. § 2501, finding that the action was barred because it was filed beyond the six-year statute of limitations period and by the doctrine of res judicata in light of the 1978 judgment.

## DISCUSSION

■ We review the Court of Federal Claims' decision granting the government's motion to dismiss without deference. *O'Connor v. United States*, 308 F.3d 1233, 1239 (Fed.Cir.2002). Here Simmons has presented no argument for how this suit, filed decades after the claim first accrued, meets the six-year statute of limitations requirement of 28 U.S.C. § 2501. The dismissal as time barred, therefore, is affirmed.

■ The Court of Federal Claims also properly found that the suit was barred by res judicata. Barring this type of frivolous re-litigation is precisely the purpose of "res judicata ... [which] relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). For this additional reason, the dismissal is affirmed.

■ Contrary to the decision of the Court of Federal Claims, *Simmons*, 53 Fed. Cl. at 134, ("dismiss[ing] the complaint without prejudice"), the dismissal of Simmons' complaint was a dismissal on the merits and thus operates as a dismissal *with* prejudice.

The United States is directed to advise the United States District Court for the District of Connecticut of Simmons' apparent violation of the court's injunction entered on March 15, 1988, by Simmons' filing of the present suit.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.